BRIDGET D. GOFF vs. LAURA H. BENSON, administratrix, & another.

MICHAEL REILLY vs. SAME.

GEORGE KAIJOISKA vs. SAME.

BRIDGET D. GOFF, administratrix, vs. SAME.

Bristol.   December 7, 1933. — March 28, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance*, Motor vehicle liability: extraterritorial coverage. *Words*, "Fellow employees."

One owning and operating an automobile registered in this Commonwealth procured extraterritorial insurance coverage which contained a provision excluding liability when the automobile was being "used for renting or livery use or the carrying of passengers for a consideration"; and a rider to the policy, applicable to the extraterritorial coverage, extended the liability of the company "to also cover the carrying of fellow employees to and from their place of employment for a consideration, expressed or implied." While the insured in Rhode Island was transporting for hire certain persons from their places of employment to their homes, an accident occurred through his negligence. The insured was not employed by the employer of any of his passengers. *Held*, that

(1) Because the insured was using the automobile to carry passengers for a consideration, the insurance company was not liable under the policy unless the passengers were "fellow employees" within its provisions;

(2) The words "fellow employees" meant and were intended to mean fellow employees of the insured; his passengers were not such;

(3) The insurance company was not liable under the policy.

FOUR BILLS IN EQUITY, filed in the Superior Court on April 21, 1931, and described in the opinion.

The suits were heard together by *Walsh*, J. Material facts are stated in the opinion. The judge ordered the entry of a final decree in each suit dismissing the bill, and reported the suits for determination by this court.

*W. I. Sundlun* of Rhode Island, for the plaintiffs.

*C. C. Petersen*, for the defendants.

CROSBY, J. The plaintiffs obtained judgments against Laura H. Benson, as administratrix of the estate of Charles J. Hewitt, in actions at law for damages sustained by reason of negligence in the operation of an automobile. These four suits in equity are brought under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply to the satisfaction of the judgments the amount due under a motor vehicle liability insurance policy issued by the defendant Commercial Casualty Insurance Company to Hewitt. A copy of the policy, together with the riders attached thereto, is made a part of the record. The cases were heard by a judge of the Superior Court upon an agreed statement of facts and oral testimony, a stenographer having been appointed under G. L. (Ter. Ed.) c. 214, § 24. Rule 76 of the Superior Court (1932).

It appears from the agreed statement of facts that on January 1, 1928, the defendant insurance company issued to Charles J. Hewitt or Charles Hewitt of Hebronville, Massachusetts, a policy of automobile insurance, a copy of which with all the indorsements thereon is filed with and made a part of the agreed statement of facts; that on January 16, 1928, while driving the automobile insured under the policy, in Pawtucket, Rhode Island, an accident occurred involving the automobile, and causing the death of Frank E. Goff, the intestate of the plaintiff in the fourth action, and injury to the other plaintiffs; that the plaintiffs in these suits brought actions at law against the administratrix of the estate of Charles J. Hewitt to recover damages for such injuries and death, and that judgment was recovered in each of the cases for a stated amount. The defendant insurance company was notified of the bringing of these actions, and demand was made upon it to pay the judgments; this demand was not complied with. The company denied liability.

At the time of the accident two of the persons in the automobile were hired by the same company, two by another company, and one was hired by still another company. All these companies were located in Pawtucket, Rhode Island. The automobile in question was owned and operated by

Hewitt, and at the time of the accident he was transporting these persons from their respective places of employment to their homes, for a consideration. For several years before the accident Hewitt had been working at Baker's garage in Seekonk, in this Commonwealth. In addition to such employment, on his own account he transported the above named persons to and from their places of business daily for a consideration, and in the same way carried other employees to places where they were engaged in Pawtucket. It is agreed that Hewitt was not employed at any of these places at the time of the accident.

It is further agreed that the policy was obtained by Hewitt through one Bliss of Seekonk, who acted in behalf of the defendant company, countersigned policies of insurance as its authorized representative and signed the certificate of insurance as required by G. L. (Ter. Ed.) c. 90 to the registrar of motor vehicles as the representative of the insurance company; that Hewitt did not carry persons for a consideration other than those above referred to; that the parties reserved their rights to offer evidence on any issue material to these suits; that the insurance company on or about February 11, 1928, repudiated coverage and did not defend the actions brought against the estate of Hewitt either before or after it had notice thereof; that the court may draw inferences from the agreed facts; and that the policy for the year 1928 was never seen by Hewitt.

At the close of the evidence the trial judge made certain rulings, and also ruled, subject to the plaintiffs' exceptions, that the plaintiffs were not entitled to recover. The suits are reported to this court on all the evidence and the rulings thereon, under the stipulation that if the rulings were wrong this court is to order such decrees as equity and justice require; otherwise the decrees are to be affirmed unless there was prejudicial error in the admission or exclusion of evidence which would warrant a new trial, in which event a new trial may be ordered.

The plaintiffs contend that the policy of insurance is not the one which should have been issued by the defendant to Hewitt unless it be so construed as to protect his estate from

liability on the judgments which the plaintiffs have been awarded. As it is the policy on which the plaintiffs base their suits, it cannot properly be argued that it was not the policy which was issued by the defendant to Hewitt. There is no evidence which would warrant a finding that the defendant ever issued an oral contract of insurance to Hewitt, as argued by the plaintiffs, and no such contract is alleged in the bills.

The liability of the defendant company in these cases was not covered by the Massachusetts compulsory policy as it did not arise out of the operation of an automobile upon "the ways of said Commonwealth" as therein recited. An extraterritorial coverage indorsement recited that "It is hereby understood and agreed, in consideration of the additional premium . . . the policy to which this endorsement is attached is extended to indemnify the named Assured against loss by reason of his legal liability to pay damages to others for bodily injuries, including death at any time resulting therefrom, accidentally sustained during the term of this policy by any person or persons not hereinafter excluded, arising out of the ownership, operation, maintenance, control or use of the motor vehicle . . . described in the policy within the limits of the Continental United States of America and the Dominion of Canada elsewhere than upon the ways of the Commonwealth of Massachusetts." Another indorsement attached to the policy reads as follows: "In consideration of the increased premium for which this policy is written, it is hereby understood and agreed that the below mentioned policy is extended to also cover the carrying of fellow employees to and from their place of employment for a consideration, expressed or implied." The extraterritorial coverage, by its "exclusions," does not apply when the motor vehicle described in the policy is being operated under certain conditions including when "used for renting or livery use or the carrying of passengers for a consideration." *Sleeper* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 511. Under the decision in that case, the plaintiffs cannot prevail unless the cases fall within the rider which refers to "fellow employees."

The ruling of the trial judge that the phrase "fellow employees" as used in the rider last above referred to means only fellow employees of the insured is correct. The phrase "fellow employees" is plain and free from ambiguity; it means his fellow employees. Such is the natural and ordinary meaning of the words used. It cannot properly be construed as meaning that the passengers carried in the automobile were fellow employees of the insured. It is agreed that the insured was not employed at any place where any of his passengers worked. The omission of the possessive pronoun "his" is not important, it does not render the meaning uncertain. It cannot be doubted that "fellow employees" means and was intended to mean fellow employees of Hewitt. The persons who were riding with him were passengers who paid him for their transportation and were not covered by the policy under its express provisions. The language used was not technical and had no peculiar significance, nor can it be said to have been used in any way different from its natural and ordinary meaning. *Cabot* v. *Winsor*, 1 Allen, 546, 550. *Nickel* v. *Zeitz*, 258 Mass. 282, 286.

Upon the entire evidence, and the agreed statement of facts from which the trial judge could draw inferences, he rightly ruled that the plaintiffs were not entitled to recover. A careful examination of the plaintiffs' exceptions to the exclusion of evidence fails to show any error. The evidence excluded was either incompetent or immaterial to any issue involved in the cases.

As no error of law appears in the conduct of the trial, the orders for decrees dismissing the bills are

*Affirmed.*