MERCHANTS MUTUAL CASUALTY COMPANY *vs.* POLO LEONE
& others.

Suffolk.    January 8, 1937. — July 3, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Jurisdiction*, Interpretation of instrument in writing.  *Equity Pleading and Practice*, Appeal.

Jurisdiction in equity was given by G. L. (Ter. Ed.) c. 213, § 3, Tenth A, and Rule 101 of the Superior Court (1932) of a suit in which the plaintiff was the insurer in a policy of liability insurance issued to the owner of an automobile and the defendants were the owner and one who had brought against him an action for personal injuries received while a passenger in the automobile and a declaratory judgment was sought determining the rights of the parties under the policy in view of events which were alleged to have occurred.

Although, upon an appeal from a final decree dismissing, after the sustaining of a demurrer, a suit in equity under G. L. (Ter. Ed.) c. 213, § 3, Tenth A, and Rule 101 of the Superior Court (1932) for a declaratory judgment, it was determined that the demurrer should have been overruled because the case was within the jurisdiction of the court, the question, whether the trial court should have exercised its discretion given by said Rule 101 and declined relief, was open.

The Superior Court should have exercised its discretion, given by G. L. (Ter. Ed.) c. 213, § 3, Tenth A, and Rule 101 of the Superior Court (1932), and dismissed a suit for a declaratory judgment determining rights under a policy of motor vehicle liability insurance of the insurer, the owner of the automobile covered by the policy and one who had brought against the owner an action, which still was pending, for personal injuries received while a passenger in the automobile.

BILL IN EQUITY, filed in the Superior Court on May 22, 1936.

The bill was taken for confessed against the defendant

Leone. The defendants Di Benedetto and Cocco filed a demurrer. An interlocutory decree sustaining the demurrer and a final decree dismissing the bill were entered by order of *Walsh*, J. The plaintiff appealed.

*C. F. Schipper, Jr., (S. L. Solomont* with him,) for the plaintiff.

*N. Fusaro, W. P. DiVitto & E. Burke,* for the defendants Di Benedetto and Cocco, submitted a brief.

LUMMUS, J. The case made by the bill is as follows: The plaintiff issued to the defendant Polo Leone a Massachusetts compulsory motor vehicle liability policy, to which was attached a provision for "extra-territorial public liability," by which the plaintiff agreed to indemnify Leone against loss by reason of his legal liability to pay damages to others for bodily injuries arising out of the operation of Leone's automobile outside of Massachusetts within the United States or Canada. This extraterritorial provision was not to apply when the automobile was being "used for renting or livery use or the carrying of passengers for a consideration." It was provided that Leone, upon the occurrence of an accident covered by this policy, should "as soon as practicable after learning thereof, give written notice with full particulars to the company or its duly authorized agent." The plaintiff agreed to defend or settle any "claims, suits or other legal proceedings" to enforce any liability within the policy.

The defendants Di Benedetto and Cocco were sisters of Leone's wife. In September, 1933, they suggested to Leone that if he would take them in his automobile to New York they would pay for the gasoline and oil consumed in the journey. He accepted the proposal, and the journey was made accordingly. On the return trip, on September 18, 1933, while Leone was operating the automobile in Connecticut, an accident happened, and the defendants Di Benedetto and Cocco sustained personal injuries. The plaintiff had no knowledge or notice of the accident until February 1, 1934, when Leone delivered to it the processes served upon him in actions of tort brought against him by the defendants Di Benedetto and Cocco.

Those defendants intend to hold the plaintiff liable, under G. L. (Ter. Ed.) c. 175, §§ 112, 113, for the satisfaction of any judgment which they may obtain against Leone.

This bill is brought under G. L. (Ter. Ed.) c. 213, § 3, Tenth A, and Rule 101 of the Superior Court (1932), to obtain a determination of the rights of the plaintiff, of Leone, and of the two other defendants, under the policy of liability insurance. One question is, whether the failure of Leone to give notice of the accident earlier absolves the plaintiff from obligation to Leone, and from any derivative obligation to the other defendants. The scanty extracts from the policy incorporated into the bill leave some doubt whether the giving of the required notice was a condition of the plaintiff's liability under the policy. *Phillips* v. *Stone,* 297 Mass. 341. But for the purposes of this decision we may assume that it was. Another question is whether the automobile at the time of the accident was outside the coverage of the policy because it was being used for "the carrying of passengers for a consideration." *Sleeper* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 511. *Goff* v. *Benson,* 286 Mass. 119. A third question, dependent upon the same principles as the other two, but between the plaintiff and the defendant Leone only, is whether the plaintiff is now obligated to defend or settle the actions of tort brought against Leone by the other defendants.

The case comes here upon appeals by the plaintiff from an interlocutory decree sustaining the demurrer of the defendants Di Benedetto and Cocco, and from the final decree dismissing the bill as to all defendants.

Procedure in the Superior Court for the interpretation of written instruments, without consequential relief, is not prescribed by any statute of general application. Compare St. 1935, c. 247. In some respects it is not new. *Whiteside* v. *Merchants National Bank of Boston,* 284 Mass. 165, 172, 173. *Guaranty Trust Co. of New York* v. *Hannay & Co.* [1915] 2 K. B. 536; *S. C.* 12 Am. L. R. 1. The statute which lies at the foundation of this case merely empowered certain courts to provide by rule a procedure for

making binding determinations of right, interpreting written instruments, whether consequential relief is or could be claimed, or not. St. 1929, c. 186, § 1, now G. L. (Ter. Ed.) c. 213, § 3, Tenth A. After that statute, there was made and promulgated Rule 101 of the Superior Court (1932).

We think the demurrer should have been overruled. The present case is within the rule. The bill seeks a "determination of right, interpreting a written instrument." In other words, the plaintiff asks the court to determine its rights, the correlative rights of the defendant Leone, and those of the other two defendants, all dependent upon a proper construction of the words of the policy (*Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 435, 436), with reference to certain facts alleged to have happened. The bill cannot be dismissed on the ground that the court does not agree with the construction for which the plaintiff contends, for the bill seeks a determination of the rights of the parties, whatever they may be. Neither is the bill outside the scope of the rule because the terms of the policy cannot "be construed *in vacuo* or as mere abstractions" (*Bryne* v. *Gloucester*, 297 Mass. 156, 158), but in order to interpret the policy in its application to the facts alleged to have happened, those facts must be determined as an incident to the solution of the disputed question of interpretation. *Nicholls* v. *Nicholls*, 81 L. T. (N. S.) 811, 812. *Lewis* v. *Green*, [1905] 2 Ch. 340, 343. *Chapman* v. *Michaelson*, [1908] 2 Ch. 612, 618. *Taylor* v. *Yielding*, 56 Sol. J. 253. *Palace Shipping Co. Ltd.* v. *Gans Steamship Line*, [1916] 1 K. B. 138. The rule does not require that the plaintiff be a party claiming a right as distinguished from one claiming freedom from a supposed or pretended obligation. Pickford, L.J., in *Guaranty Trust Co. of New York* v. *Hannay & Co.* [1915] 2 K. B. 536, 562; compare Bankes, L.J., at page 571.

But overruling the demurrer would not have meant that the plaintiff was entitled as of right to the determination sought. What is given to the Superior Court by Rule 101 is authority, not absolute obligation. The rule provides: "In its discretion, the court in a particular case may decline to make a determination of right, stating the reasons therefor."

It is true, that the court below did not decide nor even reach the question of discretion. But the appeal from the final decree dismissing the bill brought the whole case here (*Cobb* v. *Rice*, 128 Mass. 11; *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 221; *O'Brien* v. *Shea*, 208 Mass. 528, 534; G. L. [Ter. Ed.] c. 214, §§ 19, 21, 22; compare c. 231, § 135; *Littlejohn* v. *Littlejohn*, 236 Mass. 326, 329; *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 254 Mass. 137, 139), and opened for our consideration questions of fact and discretion, as well as questions of pure law. *Long* v. *George*, 296 Mass. 574, 579. If, in our judgment, the discretion reserved to the court under the rule ought to have been exercised by declining to make a determination of right, then the decree dismissing the bill ought to be affirmed, regardless of the reasons upon which it was based. *Weidman* v. *Weidman*, 274 Mass. 118, 125. *Cook* v. *Cook*, 293 Mass. 29, 32.

We think that, in the exercise of sound judicial discretion, the determination of the rights of the parties, sought in this bill, ought to be refused. The only present question is one between the plaintiff and Leone, whether the plaintiff is obligated to defend or settle the actions of tort brought against Leone by the other defendants. With that question the other defendants have no concern. That question appears to be of minor importance. What is really desired, is a decree that will establish the nonliability of the plaintiff to the other defendants, Di Benedetto and Cocco. A determination, between the plaintiff and Leone only, of the question whether the plaintiff is obligated to defend or settle the actions brought by the other defendants, would have no effect as an adjudication against them. Yet as a precedent (their rights being derivative, *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 436), it might prejudice them without giving them an opportunity to be heard. The only excuse for bringing them in and giving them an opportunity to be heard, is that in the future they may succeed in recovering judgments against Leone, and then will proceed against the plaintiff to reach Leone's right in the insurance policy for the satisfaction of their judgments. The ques-

tions raised by the bill would presently determine the rights of the parties only if decided in the way favored by the plaintiff. If decided otherwise, the litigation must continue. There is no present dispute between the plaintiff and the defendants Di Benedetto and Cocco, but only a contingent future possibility of dispute. The discretion of the court is usually exercised wisely by confining the operation of the rule to disputes already ripened. See *Whiteside* v. *Merchants National Bank of Boston*, 284 Mass. 165, 171. There is no continuing relation between the plaintiff and those defendants with respect to which the plaintiff needs to know its rights in order to guide its course of action, as in *Mutual Paper Co.* v. *Hoague-Sprague Corp.* 297 Mass. 294. On the contrary, the transaction upon which liability or nonliability depends is past and closed. Nothing in the bill suggests that there will be any delay prejudicial to the plaintiff in the determination of its rights and obligations through ordinary proceedings in the courts. As Pickford, L.J., said in *Guaranty Trust Co. of New York* v. *Hannay & Co.* [1915] 2 K. B. 536, 564, "a declaration that a person is not liable in an existing or possible action is one that will hardly ever be made." See also *In re Clay*, [1919] 1 Ch. 66, 77, 78; *Nesbitt* v. *Manufacturers' Casualty Ins. Co.* 310 Penn. St. 374.

*Decree sustaining demurrer reversed.*
*Decree dismissing bill affirmed.*