31468.   FELTON *v.* CHANDLER *et al.*

DECIDED JULY 3, 1947.

*Carlisle & Bootle,* for plaintiff.

*Jones, Jones & Sparks, E. P. Johnston, Charles M. Cork,* for defendants.

MACINTYRE, P. J. Professor Borchard, whose work on Declaratory Judgments (2d ed.), has been cited by the U. S. Supreme Court, several of the U. S. Circuit Courts of Appeals, and by many of the Supreme Courts of the respective States, including our own, in referring to the correct rule in declaratory judgments on page 336, states: "The correct rule is exemplified in a decision of Federal Judge Parker of the Court of Appeals for the Fourth Circuit. In the case of Stephenson *v.* Equitable Life Assurance Soc. [92 Fed. (2d) 406], he remarked: 'The fundamental error of the court below consists in assuming that a proceeding for a declaratory

judgment may not be maintained where another remedy is available. There is nothing in the act which limits its application to suits in equity or which suggests that the availability of other remedies shall preclude its use. On the contrary, the provision in the first paragraph for pleading by "declaration," as well as by complaint or petition, and the provision in the third paragraph for jury trial show clearly that declaratory judgments in legal as well as equitable proceedings were contemplated; and that the remedy provided was intended as an alternative one in cases where other remedies are available is shown by the provision of the first paragraph that such judgments may be rendered "whether or not further relief is or could be prayed." As pointed out by Professor Borchard in his Declaratory Judgments, at pages 147, 148, there are two types of action in which declaratory relief is invoked; (1) where the plaintiff seeks a declaration under circumstances wherein no coercive decree is possible; and (2) where the plaintiff, though in position to sue for an executory or coercive decree, "contents himself with the milder declaration of rights as adequate to his needs and purposes." In the first class of cases the declaratory judgment is the exclusive remedy, but only because no other remedy is available. In the second class the declaratory judgment is available because plaintiff is content with the mere declaration for which the statute provides even though he might have a coercive judgment or decree by asking it.' "

In the case of Chick *v.* MacBain, 157 Va. 60, 66 (160 S. E. 214), in referring to the declaratory judgments statute of that State, the Supreme Court of Appeals said: "The manifest intention of the legislature, as expressed in sections 6140a-6140h of the Code, was to provide for a speedy determination of actual controversies between citizens, and to prune, as far as is consonant with right and justice, the dead wood attached to the common law rule of 'injury before action' and a multitude of suits to establish a single right. [See in this connection, Borchard, Declaratory Judgments 2d, edition, p. 49.]

"The fact that a plaintiff or complainant might, by the institution of an action or suit or series of actions or suits, eventually, through protracted and continuous litigation, have determined the same questions that may be determined once and for all in a declaratory judgment proceeding, has never, so far as we find, been

held by the courts to deprive the court of jurisdiction to enter a declaratory judgment wherein the entire rights of the parties can be determined and settled once and for all. Sections 6140a-6140h of the Code above were enacted for that evident purpose, and section 6140h expressly declares that the act is to be liberally interpreted and administered 'with a view to making the courts more serviceable to the people.' "

It has been said that the requisite facts or conditions which the courts generally hold must be present in order that a declaratory judgment may be obtained may be summarized as follows: "(1) There must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue involved in the controversy must be ripe for judicial determination. Declaratory Judgments, Borchard, pp. 26-57." State ex rel. La Follette, v. Dammann, 220 Wis. 17 (264 N. W. 627, 103 A. L. R. 1089).

As to when an issue is ripe for determination in a declaratory judgment proceeding, it is said: "In general, it may be said that the facts on which a legal decision is demanded must have accrued, for the principle of a declaratory judgment is that it declares the existing law on an existing state of facts. The danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events—although it may involve future benefits or disadvantages—and the prejudice to his position must be actual and genuine and not merely possible or remote." Borchard, Declaratory Judgments, 2d, ed. p. 56.

The Georgia Declaratory Judgments Act (Ga. L. 1945, p. 137), states: "In cases of actual controversy the respective Superior Courts of the State of Georgia shall have power upon petition, or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed. . . In addition to [such] . . cases . . in any civil case in which it appears to the Court that the ends of justice require that such declaration should be made, and such declaration shall have the

force and effect of a final judgment or decree and be reviewable as such."

The act provides further: "Section 3. When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, unless jury trial be waived, such issues shall be submitted to a jury of twelve in the form of interrogatories. . .

"Section 9. The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding. . .

"Section 13. The purpose of this Act is to settle and afford relief from uncertainty and insecurity with the respect to rights, status and other legal relations, and is to be liberally construed and administered."

The appellate courts of this State have never gone so far as to hold that the use of the declaratory statute should be confined to cases in which there is no other remedy available. See, in this connection, *Shippen* v. *Folsom,* 200 *Ga.* 58; *Clein* v. *Kaplan,* 201 *Ga.* 396.

In *Mayor &c. of Athens* v. *Gerdine,* 202 *Ga.* 197 (42 S. E. 2d, 567), it is stated that the Georgia Declaratory Judgments Act is not confined to cases where no other remedy is available. The court there states: "Where there exists a remedy, either in law or equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest. *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d, 915) ; *Clein* v. *Kaplan,* 201 *Ga.* 396 (40 S. E. 2d, 133) ; 1 C. J. S. 1027, § 18; 16 Am. Jur. 280, 286, §§ 7 and 13."

The Georgia Declaratory Judgments Act is available in cases of actual controversy to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and is to be liberally construed and administered. However, the court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered,

would not terminate the uncertainty or controversy giving rise to the proceeding. The Georgia statute provides that it should be liberally construed, but it "manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy." *Mayor &c. of Athens* v. *Gerdine,* supra. To illustrate: "Where . . a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present." Borchard, Declaratory Judgments, 2d, edition, p. 346. See, in this connection, *Shippen* v. *Folsom,* supra.

If the plaintiff, on the facts in the instant case, is entitled to a declaratory judgment and prefers the mild rather than the harsh remedy, a declaration, in contrast with coercive relief, would enable the issue to be determined without destroying the status quo or the relations between the parties. It is not the function of our courts to force upon him a more drastic remedy; he may pursue the milder remedy, a declaratory judgment.

It may be here noted that if an action for a declaration raises issues which are fictitious, colorable, hypothetical, abstract, academic, or dead, and hence moot, the Georgia statute is not applicable, and the action must be dismissed as decisively as would be any other action presenting the same non-justiciable issues.

The dispute here relates to legal rights and obligations arising from a lease contract to realty. The dispute is definite, concrete and not hypothetical or abstract. Prior to this suit the parties had taken definite adverse positions with respect to their existing legal interests. The contentions concerned the violation of a covenant in the lease. On the one side the plaintiff lessor claimed that Hogan, the lessee, had violated the covenant in the lease not to sublet the building or make structural changes therein without the written consent of the lessor. Even though the lessor subsequently expressly gave his written permission in the lease for the lessee to sublet the building for the same kind of business as that for which it was leased to the lessee, the lessor claimed that

the covenant of Hogan not to sublet had been violated by subleasing the building to Chandler and Tyler for a different kind of business. This was a claim of a present specific right for the lessor to forfeit the lease. See, in this connection, Ætna Life Insurance Co. v. Haworth, 300 U. S. 227 (57 Sup. Ct. 461, 81 L. ed. 617, 108 A. L. R. 1000).

On the other hand, the defendants, Hogan, Chandler and Tyler, take the definite adverse position that while the building was sublet by Hogan to Chandler and Tyler, it was sublet for the same kind of business and was being so conducted, and no structural changes prohibited by the lease were made.

The defendant, Hogan, and the defendants, Chandler and Tyler, filed separate demurrers, both general and special. On the hearing the trial judge "ordered and adjudged that said demurrer as renewed be and it is hereby sustained on each and every ground thereof and said petition is hereby dismissed."

All specifically pleaded facts and every fair intendment deducible therefrom must be treated as admitted for the purpose of the disposition of such demurrers.

The Georgia statute permits the trial judge to exercise his discretion in certain matters, but in the instant case the judge was not concerned with the question of ultimate relief, if any, that may have been given; he was concerned merely with the question of whether the plaintiff should be given an opportunity to prove the allegations of his petition and whether under any of the circumstances, if proved, the court should enter some judgment. See in this connection, Morecroft v. Taylor, 225 App. Div. 562 (234 N. Y. Supp. 2).

"Among the most common cases of contractual relations in which the declaratory judgment has proved efficacious are those arising out of long-term leases. A common clause in such leases is the restriction of the right of the lessee to assign or sublet without the landlord's consent." Borchard, Declaratory Judgments, 2d, edition, p. 951. Such a dispute is presented in the instant case wherein the plaintiff is seeking declaratory relief in an actual controversy in which he has a legal interest; that is to say, a legally protective interest, and it is susceptible to judicial determination "in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize

his interest." *Mayor, &c. of Athens* v. *Gerdine,* supra; *Mensinger* v. *Standard Accident Ins. Co.,* 202 *Ga.* 258 (42 S. E. 2d, 628); *Greene* v. *Golucke,* 202 *Ga.* —— (43 S. E. 2d, 497). It calls not for an advisory opinion on a hypothetical basis or on a moot question but for an adjudication of present rights on established facts; that is, facts admitted for the purpose of the demurrers to have been established. That the dispute here turns upon questions of fact does not withdraw it from judicial cognizance. The legal consequences flow from the facts, and it is the province of the court to ascertain and find the facts in accordance with the rules prescribed in the Georgia Declaratory Judgments Act in order to determine the legal consequences.

The legal effect of the demurrer in the instant case was to admit the facts but not the conclusions of law stated in the petition. The petition alleges as a fact that an actual controversy has arisen between the parties and sets forth in terms the points in controversy and asks in effect that the court construe the lease in question as applied to the specific facts pleaded in the petition and declare the rights of the respective parties in the actual controversy.

Hence, in the declaratory judgment proceeding here, the parties may have their rights determined and settled once and for all, whereas if denied this right in the present proceeding the plaintiff might be forced to resort to coercive remedies by instituting an action or suit or a series of actions or suits to determine this same right.

Since the case has been dismissed on both general and special demurrers, we have no occasion to anticipate questions which might arise in subsequent proceedings. Questions of burden of proof or method of trial have not been considered by the court below and are not before us for determination.

Our opinion is that the complaint presented an "actual controversy" to which the judicial power extends and that authority to hear and determine it has been conferred upon the Superior Court by the Declaratory Judgments Act, supra. See in this connection, State, ex rel. Smrha, *v.* General American Life Ins. Co., 132 Neb. 520 (272 N. W. 555). The court erred in sustaining the general and special demurrers. The decree is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Judgment reversed. Gardner and Townsend, JJ., concur.*