# GEORGE STARK v. FRANCISCO A. RODRIQUEZ.[1]

June 3, 1949.

No. 34,928.

*Flor & Reim,* for appellant.

*Young & Gislason,* for respondent.

[1]Reported in 37 N. W. (2d) 812.

MAGNEY, JUSTICE.

Plaintiff brings this action under the so-called declaratory judgments act (M. S. A. c. 555). He appeals from an order sustaining a demurrer to his complaint.

The complaint alleges that plaintiff is a farmer in Sibley county; that on October 1, 1941, he employed defendant as a farm hand; that defendant had very little experience as such; that plaintiff agreed to pay him $25 per month at the outset, together with room and board; that as defendant became more experienced and efficient plaintiff agreed to increase the wages; that defendant agreed to such terms; that defendant was incapable of operating motor-driven machinery; that he did do work with horse-drawn implements and did simple chores; that defendant remained in plaintiff's employ until May 29, 1948; that in the month of October 1941 plaintiff furnished defendant with necessary clothing to an amount of more than $25; that during the period of employment plaintiff did pay defendant whatever sums he asked for, being small amounts averaging two dollars per week, at no time denying any request; that plaintiff provided clothing for defendant, expending therefor not less than $100 per year; that on numerous occasions during the years referred to plaintiff requested defendant to state the amount of wages he considered reasonable, but defendant refused to do so, stating that he had no place to keep whatever balance was due him and requested that plaintiff keep such amount safely until the time his employment terminated; that plaintiff was at all times ready, able, and willing to pay defendant whatever balance was due him; that plaintiff now offers to pay defendant whatever balance defendant shows himself entitled to; that plaintiff brings this action for the purpose of having his indebtedness to defendant legally and promptly determined so that plaintiff may promptly pay same and avoid added interest; that *plaintiff is informed and believes that defendant has recently claimed that he was promised and is entitled to receive wages at the rate of $100 per month,* which plaintiff denies; and that there now exists and will continue to exist an actual difference and justiciable dispute between plaintiff and defendant as

to what is actually due and owing by plaintiff to defendant. Plaintiff prayed the court to determine the true and correct amount defendant is entitled to receive from plaintiff. Defendant demurred to the complaint on the grounds: (1) That the court had no jurisdiction of the subject of the action under the laws of the state; and (2) that the facts stated in the complaint did not constitute a cause of action. As stated, the court sustained the demurrer. The propriety of raising the point in issue in this case by demurrer is not questioned.

The complaint in short alleges that a status of employer and employe existed between plaintiff and defendant; that defendant was employed by plaintiff for a number of years; that plaintiff is indebted to defendant in some amount; and the court is requested to determine such amount. Therefore, the sole disputed question in the case is as to the amount of the indebtedness. The only question, in other words, is "How much?" The demurrer raises the propriety of having such a question determined in a declaratory judgment action. It certainly is not the kind of a controversy that was intended to be disposed of by an action of this kind. The title to the act (L. 1933, c. 286) is as follows:

"An act providing for construing rights under conveyances, contracts, statutes, ordinances and other laws and writings, * * *."

Section 1 (M. S. A. 555.01) reads:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations * * *."

Under § 555.09, issues of fact may be tried in such a proceeding, the statute reading:

"When a proceeding under this chapter involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending; * * *."

Under this section, is it contemplated that if the proceedings involve only an issue of fact, as here, this form of action is proper?

No case has come to our attention with a situation similar to the instant case.

■ In 16 Am. Jur., Declaratory Judgments, § 20, it is said:

"* * * Where a declaratory judgment as to a disputed fact would be determinative of issues, rather than a construction of definite stated rights, status, and other relations, commonly expressed in written instruments, the case is not one for declaratory judgment."

The status of employer and employe is admitted, and the right of defendant to more wages is admitted. No other legal relation is involved. The only issue raised in the complaint is one of fact. It is not a fact raised in connection with a determination of rights, status, or legal relations between the parties, but a question of fact standing alone. It is our opinion that the provisions of the declaratory judgments act are not available in this situation.

Plaintiff in his brief admits that the action was instituted on the basis of a statement by this court in State ex rel. Smith v. Haveland, 223 Minn. 89, 93, 25 N. W. (2d) 474, 477, where we said:

"What is a protectible legal interest may be illustrated. A debtor, faced with the unfounded claim of a creditor, has a sufficient legal interest to justify a declaratory adjudication that such indebtedness has no basis. Borchard, Declaratory Judgments (2 ed.) p. 55. Suppose H alleges that S owes him $1,000, which S denies. Without waiting for H to commence suit, S may assert his right to relief from the insecurity of an unfounded claim by obtaining a declaratory judgment."

That, of course, is a situation different from what we have here. There, the purpose of the action would be to get a determination of whether the status of debtor and creditor existed between the parties. Here, that status is alleged by plaintiff, and the only question for determination is how much plaintiff owes defendant growing out of that status.

■ Furthermore, it is the contention of defendant that no justiciable controversy has been alleged in the complaint. After set-

ting out the relationship between the parties, and the details of the operation under that relationship, plaintiff alleges:

"Plaintiff is informed and believes that defendant has recently claimed that he was promised and is entitled to receive from plaintiff wages at the rate of $100.00 per month, * * *."

There is no allegation that a demand has been made by defendant, although the inference is plain that a demand is expected to be made sooner or later. Again in 16 Am. Jur., Declaratory Judgments, § 11, it is stated:

"It is well settled in England that a declaration cannot be had in respect of a cause of action which, it is apprehended, the defendant may assert, where he has made no claim against the plaintiff thereon, although he refuses to waive any right thereunder. This precise question does not appear to have been directly decided by the courts in this country, but some obiter statements have been made approving or in agreement with the English rule. This view would seem to be in accordance with the general rule as to the necessity of an actual controversy, * * *."

See, Annotations, 12 A. L. R. 73, 68 A. L. R. 111, 87 A. L. R. 1206; Heller v. Shapiro, 208 Wis. 310, 242 N. W. 174, 87 A. L. R. 1201; Washington-Detroit Theatre Co. v. Moore, 249 Mich. 673, 229 N. W. 618.

In our opinion, the court did not err in sustaining the demurrer to the complaint.

Order affirmed.