33503.   BOND, guardian, *v.* RAY.

DECIDED MAY 4, 1951.

*Hall & Bloch, Denmark Groover Jr., J. René Hawkins,* for plaintiff in error.

*James D. Shannon, R. A. Harrison, Martin, Snow & Grant,* contra.

FELTON, J. The Supreme Court transferred this case to this court. *Bond* v. *Ray,* 207 *Ga.* 559 (63 S. E. 2d, 394).

1. The Declaratory Judgment Act of 1945 (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1101), provides in part: "(a) In cases of actual controversy the respective superior courts of the State of Georgia shall have power upon petition, or other appropriate pleading, to declare rights, and other legal relations of

any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such. (b) In addition to the cases specified in paragraph (a) of this section, the respective superior courts of the State of Georgia shall have power upon petition, or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, in any civil case in which it appears to the court that the ends of justice require that such declaration should be made, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such." The facts alleged in this case present the most nearly perfect basis for the application of declaratory-judgment jurisdiction that has come to our attention. They show an actual controversy between adversary parties, consisting of a claim of legal title on one side and denial on the other. They show a justiciable controversy and a protectible legal interest. The danger or dilemma of the petitioner is present and does not depend on a contingency or the happening of a hypothetical future event, and the fact that the defendant has not instituted an action on her claim, and may never do so, does not make petitioner's rights to a declaratory judgment depend on a contingency. The petitioner's right to relief from uncertainty and insecurity with respect to his title and his legal relations with the defendant are present, real and urgent. He is entitled to know whether he owns the land and can use it or sell it or whether he is and has been and will continue to in effect be a tenant against his will at a rental price he has not agreed on, or whether he is a trespasser. And, so far as our investigation reveals, the facts show this action to be the exclusive remedy. This petition is not based solely on a question of fact primarily, the question of the sanity of the defendant. Legal title, interests and relationships are at stake and the mere circumstance that a fact determines what they are is incidental. In Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 242 (57 Sup. Ct. 461, 81 L. ed. 617, 108 A.L.R. 1000), the court stated: "That the dispute turns upon questions of fact does not withdraw it . . from judicial cognizance. The legal consequences flow from the

facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is every day practice." The suitability of application for relief by prayer for a negative declaration is clear from the act of 1945 (Ga. L. 1945, pp. 137, 139; Code, Ann. Supp., § 110-1111). To call such a prayer negative has been called a colloquialism, and has been said to describe a positive declaration that no right exists on the part of the defendant. Borchard, p. 229. For citations of other cases involving findings of fact as incidental to legal conclusions see Borchard, p. 396, 629. One case is cited by plaintiff in error on the contention that only a question of fact is involved. In Stark v. Rodriquez, 229 Minn. 1 (37 N.W. 2d, 812), it was held that where an employer sued an employee to have determined what amount was owed by the employer, the relationship of employer and employee being admitted, only a question of fact was involved. In that case the court stated: "Plaintiff in his brief admits that the action was instituted on the basis of a statement by this court in State ex rel. Smith v. Haveland, 223 Minn. 89, 93, 25 N.W.2d 474, 477, 174 A.L.R. 544, where we said: 'What is a protectible legal interest may be illustrated. A debtor, faced with the unfounded claim of a creditor, has a sufficient legal interest to justify a declaratory adjudication that such indebtedness has no basis. Borchard, Declaratory Judgments, 2d ed., p. 55. Suppose H alleges that S owes him $1,000, which S denies. Without waiting for H to commence suit, S may assert his right to relief from the insecurity of an unfounded claim by obtaining a declaratory judgment.' That, of course, is a situation different from what we have here. There, the purpose of the action would be to get a determination of whether the status of debtor and creditor existed between the parties. Here, that status is alleged by plaintiff, and the only question for determination is how much plaintiff owes defendant growing out of that status." See 16 Am. Jur. §§ 31, 32 and 1950 Pocket Parts for authority for declaring rights and status where the validity of deeds and contracts is in question. In Georgia Marble Co. v. Tucker, 202 Ga. 390 (43 S. E. 2d, 245), the plaintiff did not allege any desire or intention of using or selling the timber on the lands title to which was in dispute. No such contingency is involved

in this case as was involved in *Sanders* v. *Harlem Baptist Church*, 207 *Ga.* 7 (59 S. E. 2d, 720). Devine *v.* Los Angeles, 202 U. S. 313 (26 Sup. Ct. 652, 50 L. ed. 1046), is cited for the proposition that a mere verbal assumption of ownership is insufficient to call into question the determination of the title to property in a declaratory judgment action. That was not a declaratory judgment case and all the court ·held in this respect was that an action to remove a cloud on title could not be based on mere verbal assertions of ownership. See, generally: Borchard, Declaratory Judgments; Anderson, Declaratory Judgments; 50 A.L.R. 42; 68 A.L.R. 110; 87 A.L.R. 1205; 162 A.L.R. 756.

The court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*