34049. GEORGIA CASUALTY & SURETY COMPANY v.
TURNER *et al.*

DECIDED JUNE 20, 1952—REHEARING DENIED JULY 3, 1952.

*Martin, Snow & Grant,* for plaintiff in error.

*Miller, Miller & Miller,* contra.

WORRILL, J. (After stating the foregoing facts.) The petition in the present case was brought under the Declaratory Judgment Act of 1945 (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1101), seeking also under the same act (Code, Ann. Supp., § 110-1102) to enjoin a tort action pending the rendition of the desired declaratory judgment. The trial court granted the injunction, and the only question in the case, transferred to this court by the Supreme Court (*Georgia Casualty & Surety Co.* v. *Turner,* 208 *Ga.* 782, 69 S. E. 2d, 771), is whether or not the allegations of the petition are subject to the general and special grounds of demurrer of Mrs. Mary S. Bond and Mrs. Charles E. Turner, two of the defendants in the present action. "The statute under which the petition is brought (Ga. L. 1945, p. 137) provides in section 1 that the superior courts of the State shall have the power upon petition in cases of actual controversy to declare rights of any interested party petitioning for such declaration, and that such declaration shall have the force and effect of a final judgment or decree. Section 2 of the act empowers the court to maintain the status pending the adjudication of the questions by the grant of an injunction or other interlocutory extraordinary relief." *Brown* v. *Mathis,* 201 *Ga.* 740, 743 (41 S. E. 2d, 137). See also *Bond* v. *Ray,* 83 *Ga. App.* 817, 818 (65 S. E. 2d, 30). The purpose of the act is, as declared in section 13 thereof, to settle and afford relief from uncertainty and insecurity with respect to rights, status, and

other legal relations, and the statute is to be liberally construed. *Mensinger* v. *Standard Accident Ins. Co.*, 202 *Ga.* 258 (1) (42 S. E. 2d, 628) ; *Greene* v. *Golucke*, 202 *Ga.* 494 (4) (43 S. E. 2d, 497). The petition here shows an actual justiciable controversy with respect to whether or not, under the provision of the policy quoted in the statement of facts hereinbefore, the insurance company is obligated to defend the suits brought against the insured and pay off any judgments within the limits of the policy which might be rendered against him. It is of vital importance to the insurance company that its rights be declared, so that it will not have to decide at its peril whether or not it should defend the suits as insisted by the insured. The general demurrer challenged only the right of the plaintiff to have such a declaratory judgment rendered; and since, as we have demonstrated, the petition showed such a right, the court erred in sustaining the general demurrer.

In rendering judgment sustaining the general demurrer and dismissing the petition, the court said in a written opinion: "Under the view I take of this case, the question whether the plaintiff's petition meets the requirements of the Declaratory Judgment Act is not necessarily controlling, for the petition does not affirmatively show that the plaintiff would be entitled to a declaration in its favor and should be dismissed for that reason, even though it may otherwise set forth a proper case for a declaratory judgment." The court then proceeded to construe the exclusion provision of the policy and found that it did not exclude coverage under the allegations of the petition and sustained all grounds of demurrer for that reason alone. In other words, the court was of the opinion that, even though a plaintiff brings himself within the provisions of the Declaratory Judgment Act, he will not be entitled to a declaratory judgment if it could be deduced from the pleadings, in advance of any hearing of evidence, that the ultimate judgment should be unfavorable to him. In this the court erred. Whether or not the plaintiff is entitled to a declaratory judgment upon a hearing, is not dependent upon a determination of whether or not his contention in the controversy be a correct one. It may be found untenable upon the hearing, but he will not for that reason be sent from court, but is entitled to have the court, upon evidence

and not upon the hearing of a general demurrer, declare his rights or lack of any right in the premises. To withstand a general demurrer it is only necessary that the plaintiff show an existing justiciable controversy, as provided by the Declaratory Judgment Act. It is not necessary that the petition go farther and show that the plaintiff's contention is correct. As said in *Felton* v. *Chandler*, 75 *Ga. App.* 354, 362 (43 S. E. 2d, 742, the judge "was concerned merely with the question of whether the plaintiff should be given an opportunity to prove the allegations of his petition and whether under any of the circumstances, if proved, the court should enter *some judgment*." (Italics ours.) In Bruckman *v.* Bruckman Co., 60 Ohio App. 361 (21 N. E. 2d, 481), it was said: "An examination of the record causes us to conclude that facts were alleged in the amended petition sufficient to state a cause of action under the statutes providing for a declaratory judgment. This does not mean that the plaintiff has stated facts entitling him to a declaration of rights as *he claims them to be,* but it means that the court is required to state what rights, if any, the plaintiff has under the facts stated. If the plaintiff is entitled to no relief under those facts, the court must so state. The effect of sustaining the demurrer is to find that the plaintiff has not brought himself within the provisions of the declaratory judgment statutes. . . We, therefore, conclude that the judgment of the Court of Common Pleas should be reversed, and the cause remanded for further proceedings in accordance with law, *after the overruling of the demurrer.*" (Italics ours.) The rule is stated in Anderson, Declaratory Judgments (2d ed.), p. 744, § 318: "The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff is entitled to the declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all, so that even if the plaintiff is on the wrong side of the controversy, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory judgment. And where a complaint in a proceeding for a declaratory judgment stated a justiciable controversy, a demurrer should have been overruled, and after the filing of an answer, a decree containing a declaration of right should have been entered." This statement of the rule

is abundantly supported in various jurisdictions, some of the cases being as follows: Rockland Power & Light Co. v. City of New York, 289 N. Y. 45 (43 N. E. 2d, 803); Merchants Mutual Casualty Co. v. Leone, 298 Mass. 96 (9 N. E. 2d, 552); Cabell v. City of Cottage Grove, 170 Ore. 256 (130 Pac. 2d, 1013, 144 A. L. R. 286); Central Oregon Irrigation District v. Deschutes County, 168 Ore. 493 (124 Pac. 2d, 518, 523); City of Cherryvale v. Wilson, 153 Kan. 505 (112 Pac. 2d, 111, 115); Maguire v. Hibernia Savings &c. Society, 23 Cal. 2d, 719 (146 Pac. 2d, 673, 151 A. L. R. 1062).

In reversing the judgment on the general demurrer that no cause of action was set forth, we express no opinion as to whether or not the trial judge was correct in his finding that the provision of the policy, as alleged in the petition, did not exclude liability of the insurance company. Such a ruling would at this time be beyond the issue here presented, namely, whether or not the petition set forth an actual judiciable controversy, regardless of whether or not the contention of the plaintiff as to the meaning of the policy provision be correct.

The other grounds of demurrer are without merit, but no discussion is deemed necessary except with respect to the ground that the plaintiffs were not proper parties, not being in privity with either of the other defendants, etc. These injured passengers have a material interest in the outcome of the action, and the insurance company is entitled to have a declaratory judgment affecting the interests of all the defendants. They are necessary and proper parties. Central Surety & Ins. Corp. v. Caswell, 91 Fed. 2d, 607, 609; Mensinger v. Standard Accident Ins. Co., 202 Ga. 258 (2), supra.

*Judgment reversed. Sutton, C.J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. I concur in the judgment of reversal for the reason that the court made what I denominate a technical error in sustaining the demurrer to the petition. However, the court did not sustain the demurrer on the ground on which its judgment is being reversed. In the ruling on the demurrer the court in effect ruled on the merits of the justiciable controversy shown in the petition and declared the rights of the parties. The procedural trouble with the ruling is that it was

rendered on demurrer and not on the merits of the questions raised by the petition. In view of the foregoing, the court's ruling should be considered as a judgment on the merits of the controversy, and this court should on this appeal decide whether the judgment of the court on the real issue was right or wrong. If this is not done, the case will have to be retried in the court below and appealed again to this court in order to have determined the identical question which I think under the facts should be determined now.