38122. MOORE *et al. v.* YOUNG *et al.*

DECIDED APRIL 27, 1960.

*Thomasson & Thomasson, James T. Thomasson,* for plaintiffs in error.

*H. T. Quillian,* contra.

BELL, Judge. Although the realm wherein there is uncertainty in leases and real-estate grants is one which lends itself to the jurisdiction of the court in its declaratory judgment powers (*Felton* v. *Chandler,* 75 *Ga. App.* 354, 43 S. E. 2d 742; *Bond* v. *Ray,* 83 *Ga. App.* 817, 65 S. E. 2d 30; *Wright* v. *Kelly,* 212 *Ga.* 769, 95 S. E. 2d 688; *Brown* v. *Mathis,* 201 *Ga.* 740, 41 S. E. 2d 137; *Greene* v. *Golucke,* 202 *Ga.* 494, 43 S. E. 497), yet the basis for a declaratory judgment is not established by a simple showing of uncertainty or ambiguity in a grant involving real estate.

The petition in this case shows and makes a part thereof a certain mineral rights grant or lease which leaves the exactness of its created interest in land, if any, subject to speculation and uncertainty. It further alleges that the defendants hold an interest in the land but from that point on there is no allegation of any controversy or justiciable dispute or any basis on which it might appear to the court that the ends of justice require that relief should be granted. Ga. L. 1945, p. 137, as amended; Code (Ann.) § 110-1101 (a) and (b).

The allegations of any controversy or conflict with the defendants clearly show only conclusions of the plaintiffs, and no facts in the petition are alleged on which a controversy or any justiciable dispute can be predicated, or that the ends of justice require relief to be granted. The plaintiffs merely allege that there is an "actual controversy between petitioners and the defendants. . . growing out of a grant pertaining to a tract of land . . . who now hold or claim an interest in the property," that the property "being the subject of the actual controversy," and that "petitioners show that there is an actual controversy with defendants herein with reference to the rights." It is clear, then, that the allegations of the petitioner state no facts as required, which show any actual controversy of any nature between the plaintiffs and the defendants but only statements of conclusions which suppose that there is a controversy. *Darnell* v. *Tate,* 206 *Ga.* 576 (58 S. E. 2d 160). See also *Georgia Marble Co.* v. *Tucker,* 202 *Ga.* 390 (43 S. E. 2d 245), *Brown* v. *Cobb County,* 212 *Ga.* 172

(91 S. E. 2d 516), and *Lewis* v. *Lewis*, 212 *Ga.* 168 (91 S. E. 2d 336). All of the allegations of fact made by the plaintiffs could be accepted without raising any certainty that the defendants would disagree with the contentions of the plaintiffs. This eliminates the possibility of a justiciable controversy as contemplated by the Declaratory Judgment Act.

The plaintiffs do allege as follows: "Plaintiffs show that during the month of January, 1956, persons unknown to plaintiffs did undertake to mine and quarry certain rocks and minerals on the described property and that such action was without the consent of plaintiffs, though plaintiffs claim title to the minerals being mined by such parties." This shows facts from which a controversy could arise as to unknown parties not named or identified therein, but in no way alleges that the unknown parties have any connection with the defendants, and therefore these allegations of fact cannot be allegations which go to establish a controversy or justiciable contention with the defendants or show that the ends of justice require the court to adjudicate the matter.

The petition failed to state a cause of action for declaratory relief and the order of the trial court overruling the general demurrers is reversed. The special demurrers are not therefore ruled upon.

*Order overruling the general demurrers reversed. Felton, C. J., and Nichols, J., concur.*