LEONE KANALL *vs.* 318 LOUNGE, INC. & others.

Suffolk.    November 21, 1972. — December 29, 1972.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Bona Fide Purchaser.    Equity Pleading and Practice,* Declaratory proceeding.

Evidence reported in a suit in equity warranted conclusions that, when the owner of stock in a business corporation withdrew from the business and transferred his stock, the transferee was not aware of, or chargeable with knowledge of, an alleged trust thereof for the benefit of the transferor's wife by reason of an oral pre-nuptial contract, that the stock was not "subject to a trust of any kind," and that the transferee's promise to indemnify the transferor from contribution to payment of a promissory note signed by them and secured by the stock, and the transferee's releases of the transferor from a substantial debt and any debts and claims with regard to his interest in the corporation, given in exchange for the stock, were not consideration so inadequate as to preclude the transferee from being a bona fide purchaser for value. [7-8]

A provision of the final decree in a suit in equity under G. L. c. 231A, dismissing the bill after properly declaring the rights of the parties was inappropriate and must be struck. [9]

BILL IN EQUITY filed in the Superior Court on August 2, 1968.

The suit was heard by *Connolly,* J.

*Joseph M. Cohen* for the plaintiff.

*Louis Showstack* for the defendants 318 Lounge, Inc. & another.

ROSE, J.    The plaintiff appeals from a final decree adverse to her claim in a bill for declaratory relief. By this

bill brought under G. L. c. 231A, she seeks to determine her rights in forty-nine shares of stock of the defendant, 318 Lounge, Inc., which were owned at one time by her husband, Theodore P. Kanall, and transferred by him to the defendant Joseph Alonzo.

We summarize the evidence pertaining to the stock transaction which forms the basis for the relief sought by the plaintiff.

The trial judge found that, at the time of their marriage in 1953, the plaintiff and her husband entered into an oral pre-nuptial contract, the essential terms of which provided for sharing equally all property that would be acquired by either in the course of their married life.

Theodore Kanall (Kanall) and Joseph Alonzo (Alonzo) had owned a cocktail lounge known as the Round-Up. They sold it and purchased the defendant corporation, 318 Lounge, Inc., for $70,265, of which $50,000 was paid in cash. Of this latter amount, $15,000 was paid by Kanall. The remainder of the cash was paid by Alonzo. Two notes were given for the balance of the purchase price, one in the amount of $15,500 signed jointly and severally by Kanall and Alonzo and secured by their shares of stock in 318 Lounge, Inc., the former owning forty-nine shares and the latter fifty-one shares of the 100 shares issued. The second note, also secured by stock of 318 Lounge, Inc., is not material to the issue here involved.

Both Alonzo and Kanall had agreed that neither would draw any money out of the business and that Kanall would not receive any salary until earnings at 318 Lounge, Inc. were sufficient to permit this. The plaintiff supported herself and Kanall from her own earnings during this period. It appears that the business never reached any degree of financial success and, discouraged by this, Kanall decided to withdraw from the business. About the first of June, 1963, over the objection of the plaintiff, Kanall transferred his forty-nine shares of 318 Lounge, Inc., to Alonzo and in turn received from Alonzo a release from all liabilities incurred in the purchase of 318 Lounge, Inc., and

an indemnification agreement on the note executed jointly and severally with Alonzo.

The plaintiff and her husband separated in March, 1968, and she obtained a divorce from him shortly thereafter and was awarded alimony in the amount of $35 per week. This sum has been paid her since the decree of divorce.

The plaintiff contends that, in view of her pre-nuptial contract with Kanall, a trust is impressed for her benefit on the forty-nine shares transferred by Kanall to Alonzo. She seeks no redress against her former husband, but rather argues that Alonzo took the shares of stock with notice of the contract without giving consideration and therefore cannot be a bona fide purchaser for value. The trial court stated that it "does not so find nor does the court find that the stock as far as Alonzo and the 318 Lounge, Inc. are concerned was subject to a trust of any kind." We agree with this conclusion.

After a trial in which the court permitted wide latitude to the plaintiff to testify in detail about the several transactions summarized heretofore, the court made extensive and in depth findings leading to conclusions that were warranted and irresistible. The court ruled that there was no liability on the part of either Alonzo or the 318 Lounge, Inc. with respect to the transfer of the stock. It ruled that "Alonzo was not a party to the pre-nuptial agreement, and that the plaintiff has not sustained the burden of proof that Alonzo was aware of any such agreement or charged with knowledge of it."

Although in this case we can examine the evidence and decide the case according to our own judgment of the facts, as well as the law, giving due weight to the findings of the trial judge with respect to the credibility of the witnesses, *Wolfson* v. *Sun Oil Co.* 357 Mass. 87; *White Tower Management Corp.* v. *Taglino,* 302 Mass. 453, 454; *National Shoe Corp.* v. *National Shoe Mfg. Co.* 302 Mass. 449, 450, our review of the testimony leads us to concur with his findings and conclusions.

Addressing ourselves to the consideration issue, it ap-

pears that in exchange for Kanall's forty-nine shares of stock, Alonzo promised to indemnify Kanall from the obligation for contribution on the $15,500 note and, indeed, thereafter paid the note. He also released him from the unpaid balance due on a $25,000 debt pertaining to the purchase of the 318 Lounge, Inc., an indebtedness acknowledged by Kanall. Finally, he released him from any other claims, actions, or causes of action which had accrued or might accrue against Kanall with regard to his interest in the corporation.

"If part of the consideration for the transfer of trust property is the extinguishment of a pre-existing debt owed by the trustee to the transferee, *and* (emphasis supplied) the balance of the consideration is the payment of money or transfer of other property or the rendition of services, it is held that the transfer is for value; and if the transferee had no notice that the transfer was in breach of trust, he cannot be compelled to surrender the property." Scott, Trusts (3d ed.) § 304.4. *Glidden* v. *Hunt,* 24 Pick. 221. Restatement 2d: Trusts, § 304 (3) and comments.

The stance of the plaintiff that the transfer of the forty-nine shares of stock was without consideration or given for "an illusory or grossly inadequate consideration" is untenable in the light of the evidence and the above stated principles.

The plaintiff further argues that, in equity, the court in its discretion may look to the adequacy of consideration in making its findings. *Forman* v. *Gadouas,* 247 Mass. 207. The usual rule in a case like the one before us is that even if there is inadequacy of consideration, nevertheless it will not prevent one from being a bona fide purchaser for value. He will take free and clear of adverse claims as long as the inadequacy is not so great that notice of some wrong doing can be inferred or the value so insignificant that the transaction can be classified as a gift. Scott, Trusts, § 298.4. The court below did not make either finding, nor do we, from the evidence before us.[1]

---

[1] In view of our findings, it is not necessary to consider the application of art. 8 of

We are satisfied that the final decree entered on this bill for declaratory relief made proper declaration of the rights of the parties. However, the last paragraph of the final decree dismissing the bill is inappropriate in this case and should be struck. *Merchants Mut. Cas. Co.* v. *Leone,* 298 Mass. 96, 99. As so modified the final decree is affirmed.

*So ordered.*

---

the Uniform Commercial Code to these circumstances, involving as they do the transfer of the shares of stock of the corporation.