YUTAKA OHASHI, administrator, *vs.* EVELYN M. BLANCHARD, administratrix, & another. August 8, 1974. This is a petition for declaratory and equitable relief brought by the husband (and administrator of the estate) of one Barbara Ohashi against the administratrix and the executor of the estates of her parents. In 1969 Barbara, her mother, and her father died in an airplane accident in Puerto Rico. The plaintiff has sought to prove that Barbara had survived them for some period of time and therefore qualified as a beneficiary under their wills. The judge entered a decree in which he found that the three victims died instantaneously and simultaneously in the crash; it is clear that the judge was not convinced by the evidence that the

three persons in question died other than simultaneously. See G. L. c. 190A, § 1 (the Uniform Simultaneous Death Law). The plaintiff concedes that he cannot prevail unless he establishes that this finding was "plainly wrong." See *White* v. *White,* 322 Mass. 30, 31 (1947); *Paone* v. *Gerrig,* 362 Mass. 757, 759 (1973). It appears from the evidence that Barbara and her parents died when an airplane in which they were passengers crashed at a speed of 175 miles per hour into a mountainside. It is not disputed that the parents' deaths were instantaneous. According to an autopsy report prepared by an expert witness called by the plaintiff, Barbara's death was due to the "dismemberment and destruction of [her] skull and body," her head having been crushed and her body torn in half by the force of the crash. On the basis of this and other evidence the medical examiner for Suffolk County and the chief medical examiner of the city of New York testified that the three victims died instantaneously and simultaneously. The judge was, of course, entitled to accept this evidence and to adopt the opinions of the defendant's experts rather than those of the experts called by the plaintiff. On the view we take of this case, it is not necessary for us to consider the defendants' appeals from the overruling of their demurrers and the denial of their pleas in abatement. We are satisfied that the final decree entered on this petition made a proper declaration of the rights of the parties. The fourth paragraph of the decree, which dismissed the petition, is, however, inappropriate and should be struck. *Merchants Mut. Cas. Co.* v. *Leone,* 298 Mass. 96, 99 (1937). *Kanall* v. *318 Lounge Inc.* 1 Mass. App. Ct. 5, 9 (1972). As so modified, the final decree is affirmed.

*So ordered.*

*Walter E. Palmer* for the plaintiff.

*Ira D. Feinberg,* for Evelyn M. Blanchard, administratrix (*Stephen T. Keefe, Jr.,* for Clifford Bergere, administrator, with him).