ROCKLAND LIGHT AND POWER COMPANY, Respondent, *v.* CITY OF NEW YORK, Appellant.

Argued May 26, 1942; decided July 29, 1942.

The following question was certified:

" Does the complaint state facts sufficient to constitute a cause of action? "

*William C. Chanler, Corporation Counsel (Richard H. Burke, Paxton Blair* and *John E. Egan* of counsel), for appellant. Where the property of a claimant, being idle and not presently devoted to any business, has merely suffered a depreciation in value because of the possibility that a project when executed will limit the uses to which the property may thereafter be put, the claimant has not suffered such a loss as is embraced in section K41–44.0 of the Administrative Code (L. 1937, ch. 929). (*Matter of Board of Water Supply*, 211 N. Y. 174; *Matter of City of New York [Inwood Hill Park]*, 197 App. Div. 431; *Buckeye Powder Co.* v. *DuPont De Nemours Powder Co.*, 248 U. S. 55; *People ex rel. Janes* v. *Dickey*, 206 N. Y. 581.)

*Jackson A. Dykman, Elton H. Beals* and *Samuel M. Cuddeback* for respondent. The plaintiff has a right at the present time to file a claim for damages. (*Matter of Van Etten* v. *City of New York*, 226 N. Y. 483; *Matter of Board of Water Supply*, 211 N. Y. 174; *People ex rel. Burhans* v. *City of New York*, 198 N. Y. 439.)

LEHMAN, Ch. J.   In the execution of its plan to obtain an additional water supply from tributaries of the Delaware river, the city of New York is engaged in the construction of a dam across the Neversink river in Sullivan county, New York.   In March, 1940, the city instituted two proceedings described respectively as " Delaware Section No. 10, Watershed Department " and " Delaware Section No. 11," for the appropriation of real property required for the construction of the dam and for a reservoir of water behind the dam.   Commissioners of Appraisal have been appointed in these proceedings.

The plaintiff is a gas and electric corporation organized under the laws of the State of New York.   It is engaged in the manufacture, sale and distribution of electricity and gas to consumers in the counties of Rockland, Orange and Sullivan, and owns plants and systems for such manufacture, sale, and distribution.   It also owns parcels of real property, available for development for use in its business, situated upon the Neversink river *below* the dam under construction by the city.   In the two proceedings instituted by the city, the city is not seeking to appropriate any of the plaintiff's property.   Indeed, none of the property described in those proceedings is below the dam.   Even though the city does not seek to appropriate real property on the Neversink river below the dam, the proposed diversion of water by the dam, when completed, will be an invasion of the property rights of the owners of such property and will cause damage to them.

Proceedings for the appropriation, by the city of New York for a city purpose, of real property, situated in Ulster, Delaware, Orange or Sullivan county, are regulated by chapter 41 of the Administrative Code of the City of New York (L. 1937, ch. 929). Section K41-44.0, so far as material upon this appeal, provides: " The owner of any real estate, not taken, situate in any one or more of the counties of Ulster, Delaware, Orange or Sullivan, or of any established business, directly or indirectly decreased in value by reason of the execution of any plans for or by the acquisition of land by the city for a water supply from the Rondout and Delaware watersheds within such counties, or any of them, pursuant to law, his or its assigns, or personal representatives shall have a right to damages for such decrease in value, from the time of the beginning of such decrease in value,   *   *   *."

The plaintiff, claiming that its real property and established business have been damaged by the " execution " of the city's plan and " the acquisition of land by the city for a water supply," brought an action in which it " prays for a declaration of its rights and other legal relations as follows: (1) That the plaintiff has a right at this time, pursuant to Title K, Chapter 41, of the Administrative Code of the City of New York, to file a claim for damages. (2) That the plaintiff is entitled to file such claim with the Commissioners of Appraisal, appointed under proceedings brought for ' Delaware Section No. 10, Watershed Department.' " The plaintiff states in its complaint that it " *claims* " that its parcels of real property are particularly adapted for the development of hydro-electric energy, and were acquired for that purpose and would have been developed by the erection of a great dam, reservoir and power house. Plaintiff further states that it " *claims* that loss, damage and expense, direct or consequential, has already resulted to the plaintiff as an electric corporation and as the owner of water power, and that plaintiff's real estate and established business have been decreased in value by reason of the said taking by the defendant, in that the water which would normally be available for such hydro-electric developments *will* be so depleted by the development of the defendant that plaintiff's water power, both developed and undeveloped, will be destroyed and of no value." The plaintiff further states in its complaint that: " Defendant denies that the plaintiff has a right to file such a claim at this time, and maintains that the plaintiff will not have a right to file a claim until there is an appropriation map filed as to the plaintiff, or until the dam is closed."

The defendant interposed no answer but, within twenty days after the service of the complaint, served notice of motion, pursuant to rule 106 of the Rules of Civil Practice, for judgment dismissing the complaint on the ground that the complaint fails to state facts sufficient to constitute a cause of action. The justice at Special Term in a careful opinion reached the conclusion that the plaintiff is not entitled to file a claim in the appropriation proceedings until it has suffered present damages by actual diversion of water. An order was then entered granting the defendant's motion to dismiss the complaint " as matter of law and not in the exercise of discretion."

The plaintiff moved for a reargument of the motion to dismiss urging that, even assuming that upon the facts alleged in the complaint it does not appear that the plaintiff has a present right to file a claim yet the court should not have dismissed the complaint but should have retained jurisdiction in order to declare in due course the rights of the parties, whatever they may be (citing *Bruckman* v. *Bruckman Co.*, 60 Ohio App. 361). Upon reargument, the justice at Special Term again rendered a decision in favor of the defendant and judgment was entered adjudging:

" 1. That the plaintiff has no right at this time, to file a claim for damages, pursuant to Title K, Chapter 41, of the Administrative Code of the City of New York.

" 2. That the plaintiff is not entitled to file such claim with the commissioners of appraisal appointed under proceedings brought for ' Delaware Section No. 10, Watershed Department.'

" 3. That an attempt to agree with the defendant or its representative as to the compensation to be made is not a prerequisite to the filing of a claim for damages pursuant to Title K, Chapter 41, of the Administrative Code of the City of New York.

" 4. That the statute of limitations does not begin to run against the plaintiff antecedent to the accrual of assessable damage to the plaintiff and the right to file a claim.

" 5. That the complaint in this action be and the same hereby is dismissed."

The plaintiff appealed from that judgment. By a divided court the judgment was reversed on the law and the motion to dismiss the complaint was denied. The order of the Appellate Division provides that the defendant " have twenty (20) days after service of notice of entry hereof in which to serve an answer." Leave to appeal was granted by the Appellate Division which certified the question: " Does the complaint state facts sufficient to constitute a cause of action?"

The difference of opinion among the judges of the Appellate Division was confined to the question whether the plaintiff had the right to file *now* a claim for damages in the proceedings instituted by the city or whether it must await the time when execution of the plans for a new city water supply has proceeded so far that riparian rights of the plaintiff have been invaded and there has been inter-

ference with the plaintiff's use of its property for the development of water power. The opposing arguments upon that question are forcibly presented in the prevailing and dissenting opinions. A minority of the judges were of the opinion that " the time to file a claim should be fixed  *  *  *  by the event of appropriation or physical invasion " and that " the period of limitation in which to file a claim  *  *  *  will not begin to run until the time to file a claim has arrived." They urged that " the judgment appealed from which declares the jural rights of the parties in conformity herewith should be affirmed." (263 App. Div. 284, 289.) The court reversed that judgment because the majority of the judges were of the opinion that the facts alleged in the complaint and constructively admitted by the defendants, upon its motion to dismiss, established that the plaintiff had, as it claimed, an immediate right to file a claim for damages. The order of the Appellate Division does not, however, purport to declare the jural rights of the plaintiff in conformity with the majority opinion. Its order, denying the defendant's motion to dismiss, permits the defendant to interpose an answer and has the effect of postponing a declaration of the plaintiff's jural rights until the defendant has had the opportunity to litigate on the merits, the extent of these rights. The sufficiency of the complaint has been sustained as a pleading. The order accomplishes nothing more. The order must be affirmed, regardless of the merits of the controversy or the scope of the plaintiff's rights, if we conclude that the complaint in an action for a declaratory judgment should not be dismissed as " matter of law " where the facts alleged show the existence of a controversy concerning " rights and legal relations " and where it appears that the discretionary and extraordinary powers of the court have been invoked for a sufficient reason. (See *Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304; *German Masonic Temple Association* v. *City of New York*, 279 N. Y. 452.)

A declaratory judgment is *ex vi termini* a judgment on the merits. Until disputed " questions of fact necessary to be determined before judgment can be rendered " are settled, it is plain that rights and legal relations cannot be determined, defined and declared. See rule 213 of the Rules of Civil Practice. The court may, in the exercise of its sound discretion, decline to pronounce a declara-

tory judgment (Rule 212 of the Rules of Civil Practice). Its discretionary and extraordinary power is properly invoked only where resort to ordinary actions or proceedings would not afford adequate relief. A judgment declaring rights and other legal relations which could be challenged anew by either party in proceedings brought thereafter would be an anomaly and would serve no useful purpose. Upon a motion by the defendant to dismiss the complaint on the ground of its insufficiency, made before service of an answer, allegations of fact contained in the complaint are not in issue, and the court can determine only the question of law whether the pleading is sufficient to withstand challenge by demurrer or by its statutory modern substitute, motion to dismiss. If the court denies the motion to dismiss, then declaration of rights must await final judgment. If the court grants the motion to dismiss then it cannot logically grant, at the same time, a judgment on the merits declaring the rights and legal relations of the parties.

The logical consequences of such considerations were recognized in both the majority and minority opinions in the Appellate Division. All the judges recognized, too, the wisdom of the practice that a complaint praying for judgment declaring the " rights and legal relations " of the parties should not be dismissed as insufficient merely because the facts alleged in the complaint show that the plaintiff is not entitled to a declaration of rights *as the plaintiff claims them to be.* The court should, in proper case, retain jurisdiction of the action and should exercise its power to declare the rights and legal relations of the parties whatever they may be. The Appellate Division refused to give effect to these considerations only because it construed the decision of this court in *German Masonic Temple Association* v. *City of New York (supra)* as decisive authority that in this State the practice is different.

In that case the plaintiff brought an action to obtain an adjudication that it was exempt from the sales tax imposed by the city of New York. In its complaint it did not ask for an adjudication of its rights and legal relations in general but demanded judgment only " that it be declared exempt " from the tax and that the city be enjoined from its collection. The complaint was dismissed at Special Term on the ground that the local law authorizing the tax provided a special statutory method by which an aggrieved tax

payer might challenge erroneous action by the tax officials of the city and that no special reason was shown by the plaintiff why it should not be relegated to the procedure provided by the local law. The judgment of dismissal was affirmed by the Appellate Division. In reversing the judgment of dismissal this court held that special reasons did exist why " a declaratory judgment may appropriately be directed " citing *Dun & Bradstreet, Inc.*, v. *City of New York* (276 N. Y. 198).

The reasons for that determination are indicated in the cited case. Briefly stated these reasons are: (1) Assuming the truth of the allegations of the complaint it appears that the taxing officers acted without jurisdiction and their acts are illegal and void. (2) Certiorari and statutory remedies analogous to certiorari do not furnish an adequate remedy in such case. (3) Where the facts are undisputed and only the validity or legality of the statute is questioned there are no countervailing advantages in relegating the plaintiff to the statutory proceeding, though perhaps *questions of fact* could be settled at least as expeditiously in those proceedings as in an action for a declaratory judgment. We point out here, parenthetically, the reference in the opinion in that case to the circumstance that " there is no issue of fact " is misread when it is construed as an indication that an action for a declaratory judgment must be dismissed whenever there are disputed questions of fact. The rules of Civil Practice to which we have already referred provide a method by which disputed questions of fact may be " settled." The existence of disputed questions of fact which could be settled expeditiously in an ordinary action or proceeding may nonetheless in a particular case justify or even constrain the court in the exercise of a sound discretion to decline to pronounce a declaratory judgment. We did not say or decide anything else and our reference to disputed questions of fact in the opinion in that and other cases should be read in its relation to the problems there presented.

Nor should the discussion by this court of the merits of the claim of legal rights of the plaintiff as alleged in the complaint in *Dun & Bradstreet, Inc.*, v. *City of New York* (*supra*), though the court affirmed the order of the Special Term denying a motion to dismiss, be accepted as an indication that ordinarily, upon a

motion made by the defendant to dismiss the complaint, the merit or lack of merit of the *claim* of legal rights by the plaintiff in an action for a declaratory judgment is a decisive or even a relevant consideration. It was a relevant consideration in that case and was discussed in the opinion because, unless it appeared from allegations of the complaint that the tax officers acted *without jurisdiction*, the plaintiff could be compelled *as matter of law* to resort to the proceeding provided by the local law in order to challenge the determination of officers empowered to assess the tax authorized by that law. Thus the merits of the plaintiff's claim of jural rights and the jurisdiction of the courts to " declare " those rights were inextricably intertwined. That is not true here, where the propriety of the invocation of the extraordinary powers of the court to declare the rights and legal relations of the parties is not dependent upon the nature or scope of those rights. For these reasons we conclude that regardless of the merits of the controversy, the Appellate Division properly reversed the judgment of the court at Special Term and denied the motion to dismiss.

We have not overlooked the fact that, in spite of what we have here said, this court in *German Masonic Temple Association* v. *City of New York (supra)*, not only denied the motion by the defendant to dismiss the complaint, but upon that motion granted final judgment declaring, in accordance with the plaintiff's claim, the rights of the parties. The reason is clear. The defendant admitted the facts as pleaded by the plaintiff not only " constructively " but actually, and impliedly requested the court to determine upon the plaintiff's complaint the rights of the plaintiff if the court had jurisdiction. We acted upon that implied request.

That is, of course, not the case here where there is question whether the plaintiff has suffered present legal injury and damages, though no water has been diverted and it is possible that no water may be diverted in the future. Upon this appeal that question is not before us. We express no opinion upon it. It can be decided only when final judgment is granted.

The order should be affirmed without costs and the question certified answered in the affirmative.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed, etc.