DRY DOCK SAVINGS INSTITUTION, Plaintiff, *v.* JAMES A. GRANT et al., Defendants.

Supreme Court, Special Term, New York County, November 20, 1945.

*John H. Van Surdam* for plaintiff.

*Arthur Knox* for defendants.

HOFSTADTER, J. This is an action for a declaratory judgment wherein plaintiff seeks a decree that it is entitled to interest on its mortgage at the rate of 5% per annum since August 1, 1944.

Plaintiff and the defendants have moved for judgment on the pleadings, and additionally, the defendants have moved for summary judgment.

Clearly, the agreement between the parties embodied in the correspondence exchanged in the early part of 1942 had the effect of extending the maturity date of the principal for at least the period during which plaintiff agreed to accept interest at 4½% per annum. As Mr. Justice DINEEN pointed out in a recent case involving this very plaintiff, " Since defendant was required to pay interest on the loan up to November 1, 1943, it could not have been intended that the principal should be entirely paid prior to that date." (*Dry Dock Sav. Institution* v. *103 E. 75th St. Apts.*, N. Y. L. J., Oct. 17, 1945, p. 925, col. 2.)

The instant case presents a situation even more favorable, from the standpoint of the defendants, than the cited case. For here, the agreement to accept reduced interest at 4½% per annum was coupled with the condition that quarter-annual amortization payments of $200 be made for the one-year period covered by the agreement, an additional indication that the balance of the principal was not to become due at least until the expiration of the one-year period. In these circumstances, the agreement must be construed as an extension agreement within the meaning of section 1077-cc of the Civil Practice Act.

The holding in *Title Guarantee & Trust Co.* v. *2846 Briggs Ave.* (283 N. Y. 512) is clearly distinguishable. There, the agreement for the reduction of interest was to continue merely until the expiration of a pre-existing extension agreement which had been entered into by others. The agreement for the reduction of interest could not constitute an extension agreement, since it did not extend the maturity of the principal beyond the maturity date already fixed in an existing effective extension agreement. It follows, then, that plaintiff's motion for judgment in its favor decreeing that it is entitled to interest at the rate of 5% since August 1, 1944, must be denied. The interest rate is limited to 4½% per annum, the rate fixed in the extension agreement embodied in the correspondence between the parties.

The action is a proper one for declaratory judgment. A complaint under such circumstances " should not be dismissed as

insufficient merely because the facts alleged in the complaint show that the plaintiff is not entitled to a declaration of rights *as the plaintiff claims them to be.* The court should, in proper case, retain jurisdiction of the action and should exercise its power to declare the rights and legal relations of the parties whatever they may be.'' (*Rockland Light and Power Co.* v. *City of New York,* 289 N. Y. 45, 51.)

There are no disputed questions of fact requiring any trial. Consequently, the defendants' motion for judgment on the pleadings will be granted, and in accordance with what has been hereinabove stated, a declaratory judgment will be decreed declaring that plaintiff is not entitled to interest on its consolidated mortgage at the rate of 5% since August 1, 1944, by virtue of the provisions of section 1077-cc of the Civil Practice Act.

The motion by defendant for summary judgment is denied as academic. Settle judgment accordingly.