SCHRANZ & BIEBER Co., INC., et al., Plaintiffs, *v.* FRANK J. QUAYLE, as Fire Commissioner of the City of New York, et al., Defendants.

Supreme Court, Special Term, New York County, June 14, 1951.

*Martin C. Greene* for plaintiffs.

*John P. McGrath, Corporation Counsel* (*Murray Rudman* of counsel), for defendants.

SCHREIBER, J. This is an action for a declaratory judgment and injunctive relief.

One of the plaintiffs is a wholesaler and the other is a retailer of toys, including " toy pistol paper caps which contain less than twenty-hundredths grains of explosive mixture." Such paper caps were exempted from the definition of " fireworks " in section 1894-a of the Penal Law by an amendment enacted by chapter 765 of the Laws of 1950. The amendment expressly provided that " the sale and use " of such paper caps " shall be permitted at all times." The defendants, the police commissioner and fire commissioner of New York City, concede that

the sale of such caps is now lawful, but they contend that the provisions of the Fire Prevention Code of New York City which forbid storage of "fireworks" without a permit and which forbid the issuance of a permit for storage to certain types of premises (including tenement houses, work shops and factories), remain unaffected by the amendment of the Penal Law. The fire prevention code (Administrative Code of City of New York, ch. 19, tit. C) also forbids the issuance of a permit to premises not equipped with an approved system of automatic sprinklers, to premises of wooden construction, to premises where cigars, cigarettes or tobacco are kept for sale, and to premises where matches are stored or kept for sale.

Plaintiff wholesaler alleges that a large number of its potential customers operate stationery stores where cigars, cigarettes and tobacco are sold, or are located in tenement houses or other premises for which the issuance of permits is forbidden by the fire prevention code. Plaintiffs claim that the provisions of the code constitute unreasonable and arbitrary restraints upon their business and, in effect, prohibit the sale of the paper caps which the State Legislature expressly authorized. A declaratory judgment is sought to the effect that the provisions of the fire prevention code requiring permits for the storage of paper caps are illegal and void, and an injunction is prayed for against interference by the defendants with persons storing or selling such paper caps without permits.

Defendants contend that an action for a declaratory judgment will not lie to enjoin public officials from the performance of their duties or to declare the invalidity of a penal statute. A motion to dismiss the complaint as insufficient, made before answer, has, however, been denied at Special Term and the denial affirmed by the Appellate Division. (*Schranz & Bieber Co.* v. *Quayle,* N. Y. L. J., June 29, 1950, p. 2281, col. 5, affd. 277 App. Div. 1113.) This determination constitutes a holding that the complaint makes out a good case for a declaratory judgment (*Rockland Light & Power Co.* v. *City of N. Y.,* 289 N. Y. 45, 50–51).

Defendants urge also that plaintiffs have an adequate remedy without suing for a declaratory judgment, in that they can apply for permits and appeal from the denial of such permits. Since the fire prevention code forbids the issuance of permits to premises of the type occupied by many of the potential customers of plaintiff wholesaler, such remedy is a futile one. Plaintiffs' claim is that the requirement of a permit is void. In such circumstances they need not apply for permits and appeal

from the inevitable denial thereof. The complaint does not allege that plaintiffs resorted to such remedy. Nevertheless, the Appellate Division has held that a proper case for a declaratory judgment has been made out.

Plaintiffs maintain that " the legislature has pre-empted the entire field and that the provisions of the Administrative Code as applied to toy pistol caps are inconsistent with the State Law " (Plaintiffs' Brief to Appellate Division, p. 8). Defendants, on the other hand, take the position that the Legislature's permission to sell paper caps is not necessarily inconsistent with the provisions of the fire prevention code regulating their storage. In the court's opinion, it is unnecessary to determine which of these contentions is correct, for, even if the defendants' view be accepted, provisions of the fire prevention code as applied to paper caps constitute, on the record before the court, arbitrary and unreasonable restrictions upon the storage of harmless articles which create no fire hazards.

The plaintiffs' witness, McKenna, chief chemist of the bureau of explosives of the Association of American Railroads, testified, in effect, that the paper caps are harmless and create no fire hazards. Physical tests made in the courtroom confirm this testimony. *The defendants offered no evidence whatsoever to refute it.* The provisions of the fire prevention code which require permits for the storage of the paper caps and which forbid the issuance of such permits to various types of premises thus have the effect of nullifying the express declaration of the State Legislature that the sale of such caps " shall be permitted at all times ", although no potential fire hazards are involved and no other justification for said provisions of the code is established.

The motions to dismiss at the close of plaintiffs' case and at the close of the entire case are denied, with exceptions to defendants. Judgment is directed in favor of the plaintiffs declaring that provisions of the fire prevention code requiring permits for the sale and storage of the caps in question are illegal and void and enjoining defendants from interfering with the sale or storage of said caps without permits. The foregoing represents the decision of the court. Settle judgment on two days' notice.