■ DAVID STOFFER, as Receiver of the Property of AROWAY CONSTRUCTION CORP., Appellant, v. KERMIT GORDON et al., Respondents.— In an action by the receiver of a corporation to recoup from officers and directors of the corporation corporate assets alleged to have been diverted by them to their own use, the appeal is from a judgment entered on the dismissal of the complaint, on the merits, at the close of the plaintiff's case. Judgment reversed and a new trial granted, with costs to abide the event. Checks in large amounts made by respondents on behalf of the corporation were paid over to themselves. The records of the corporation afford no explanation of these payments other than that they were for expenses. The burden is on respondents to go forward by showing that the expenditures were warranted. The exclusion of proof of admissions of respondents was erroneous. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ BENNIE WIGGINS, Appellant, v. TOWN OF SOMERS, Respondent.— Appeal by plaintiff (1) from so much of an order and judgment (one paper, described in the notice of appeal as an "order-judgment") (a) as dismissed his complaint in part, (b) as denied his motion for leave to serve an amended complaint, (c) as adjudges valid an ordinance of the Town of Somers, adopted October 9, 1956, prohibiting the dumping within the town of garbage and refuse originating outside said town, and (d) as enjoined him from such dumping, and (2) from an order denying his motion to resettle the order and judgment. Order and judgment modified by striking from the first ordering paragraph thereof everything following the word "Ordered" and by substituting therefor the words "that summary judgment pursuant to rule 113 of the Rules of Civil Practice be and the same hereby is granted declaring the rights of the parties as hereinafter indicated; and it is further". As so modified, order and judgment unanimously affirmed, with $10 costs and disbursements to respondent. The pleadings and the affidavits on the motion to dismiss the complaint do not raise any triable issue of fact, and summary judgment should have been granted. However, the complaint should not be dismissed, even in part, if a proper case for a declaratory judgment is otherwise established, merely because a plaintiff may not be entitled to a declaration of his rights as he claims them to be (cf. *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45; *Civil Serv. Forum* v. *New York Tr. Auth.*, 4 A D 2d 117, 129, affd. 4 N Y 2d 866). Appeal from order denying resettlement of order and judgment dismissed, without costs. The order is not appealable (*Cohen* v. *Cohen*, 286 App. Div. 1035; *Genadeen Caterers* v. *Hotel Genadeen*, 277 App. Div. 892). Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

## (May 13, 1959)

■ In the Matter of EDWYN SILBERLING, Petitioner, against NICHOLAS M. PETTE, as Justice of the Supreme Court of the State of New York, Respondent, and ALBERT G. GLASS, Intervenor-Respondent.— Proceeding dismissed, without costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.