CONNECTICUT FIRE INSURANCE COMPANY, Appellant, *v.* DEWITT C. WILLIAMS, SR., et al., Respondents.

Third Department, December 31, 1959.

*Mackenzie, Smith, Lewis, Michell & Hughes* (*Raymond W. Hackbarth* of counsel), for appellant.

*Bruce G. Dean* for Dewitt C. Williams, Sr., respondent.

*John LoPinto* for Betty Stanton and another, respondents.

REYNOLDS, J. The appellant issued a policy of automobile liability insurance to the respondent Williams through one W. Eugene Dennis, its agent in Ithaca, which purported to cover a 1950 Studebaker from January 26, 1957 to January 26, 1958. Williams account had been transferred by another agent to Dennis in the Summer of 1956 and at that time he was insured by another company under the Assigned Risk Plan. Late in February, 1957 Williams went to the office of Dennis and had him change the policy coverage to a 1953 Chevrolet. The premium for the policy had not been paid at that time and Dennis testified that he continued to bill Williams until April, 1957 when he turned it over to a collection agency but that the bill was never paid. In December, 1957 Dennis received a renewal policy from the appellant for Williams. He testified that he then tried to contact Williams by phone and by going to Newfield on two occasions without success. Williams had moved from Newfield to Ithaca between December, 1956 and February, 1957 and although he notified the Motor Vehicle Bureau and left a change of address at the Newfield Post Office he did not notify Dennis of the change. On January 17, 1958 Dennis returned the renewal policy to the appellant marked " Cancelled Flat 1/17/58 Not Taken Ret. Prem.", this meaning that the insured did not want the policy renewed. The Commissioner of Motor Vehicles was notified by Dennis that coverage of the 1950 Studebaker was terminated as of January 31, 1958 and the appellant sent a corrected notice stating the termination date as January 26, 1958.

While driving the 1953 Chevrolet on March 3, 1958 Williams had an accident and the respondents Stanton and Seitz, who were passengers in the car, were injured. The appellant instituted an action for declaratory judgment against Williams, Stanton and Seitz to determine whether it is obligated to defend and indemnify Williams as to the claims arising from the accident. Williams counterclaimed for a declaratory judgment. The court below held that there was a unilateral failure to renew by the appellant so that its failure to send a notice of termination to Williams under section 93-c of the Vehicle and Traffic Law effectuated a continuation of the insurance. The appellant's complaint against Stanton and Seitz was dismissed with costs and Williams counterclaim was granted with costs.

Section 93-c provides that no contract of insurance or renewal thereof shall be terminated by failure to renew by the insurer until 20 days after a notice of termination is mailed to the insured. It is admitted that no such notice was mailed to Williams but the appellant argues that there was not here a failure to renew by the insurer. As the appellant points out, renewal is a bilateral transaction involving both offer and acceptance. However, no offer was made to Williams since Dennis never contacted him concerning the renewal and as the court below pointed out there were reliable means available which were not used. Although a perfectly valid reason for failing to renew was available, the nonpayment of premiums, this is not the issue here and it cannot be used to obscure the fact that it was the appellant insurer who was failing to renew the policy. It was recently held in *Teeter* v. *Allstate Ins. Co.* (9 A D 2d 176, 181) that cancellation can only be accomplished by giving the insured notice under section 93-c and the court there stated: "Once a certificate of insurance under section 93-b has been issued by the insurance company and filed with the Commissioner, the contract of insurance ceases to be a private contract between the parties. A supervening public interest then attaches and restricts the rights of the parties in accordance with the statutory provisions. Many common-law contractual rights are restricted by the statute. Thus, for example, there is, at common law, the absolute right to refuse to renew a policy upon the expiration of its term but this is restricted by the statute so that the policy continues in force after its expiration date without a renewal, unless and until notice of termination is given in accordance with the statute." The court below correctly determined that there was here a unilateral failure to renew by the insurer and since section 93-c was not complied with, the insurance continued in effect.

The appellant contends that in any event it was error to dismiss its complaint as to Stanton and Seitz since a proper case for a declaratory judgment was made out. It is well established that a complaint in an action for declaratory judgment should not be dismissed merely because the plaintiff is not entitled to a declaration of the merits as he sees them and that a declaration should be made, even though in the defendant's favor (*Rockland Light and Power Co.* v. *City of New York,* 289 N. Y. 45; *Marshall* v. *City of Norwich,* 1 A D 2d 498). Since the appellant presented a justiciable controversy a judgment declaring the rights between it and Stanton and Seitz should have been granted similar to that granted to Williams herein. Under rule 214 of the Rules of Civil Practice costs in

an action for declaratory judgment are discretionary and may be granted to or against any party. The court below did not abuse its discretion in granting costs to the respondents.

Judgment as to respondent Williams should be affirmed; judgment in favor of the respondents Stanton and Seitz should be modified by directing entry of a declaratory judgment in favor of the respondents Stanton and Seitz and as modified affirmed, with costs to the respondents.

FOSTER, P. J., BERGAN, GIBSON and HERLIHY, JJ., concur.

Judgment as to respondent Williams affirmed; judgment in favor of the respondents Stanton and Seitz modified on the law and facts by directing entry of a declaratory judgment in favor of the respondents Stanton and Seitz and as modified affirmed, with costs to the respondents.

Settle order.