■ SAMUEL AURIA, as Administrator of the Estate of JOSEPH AURIA, Deceased, Appellant, v. WILLIAM WIETAN, Respondent.— Same decision and like cause of action as in companion case of *Uzar* v. *Wietan* (10 A D 2d 894). Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ NICHOLAS AGNELLO, Respondent, v. REPUBLIC INSURANCE COMPANY OF TEXAS, Appellant, and SOUTH CAROLINA INSURANCE COMPANY, Respondent, et al., Defendant.— Judgment unanimously modified on the law and facts in accordance with memorandum and as so modified affirmed, with separate bill of costs to each respondent against appellant. Certain additional findings of fact and conclusions of law made. Memorandum: The amended complaint herein sought a judgment declaring the legal rights and legal relations of the parties to this action. We find that the decision of Special Term, insofar as it went, correctly declared those rights. There was a failure, however, to make a declaration of the legal rights in the decision between the mortgagee defendant, Cortland Savings Bank, and the respondent, South Carolina Insurance Company. Furthermore, the judgment erroneously made no declaration of the rights of the parties but dismissed the complaint as to one defendant and awarded a money judgment against the other. The judgment should have declared such rights and legal relations (cf. *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 51). We find that policy number 50-5187 in the sum of $18,000 issued by respondent, South Carolina Insurance Company, to plaintiff with a mortgage clause therein naming defendant, Cortland Savings Bank, as mortgagee, for a term commencing on May 6, 1956 was cancelled by plaintiff's agent prior to the effective date thereof; that the policy was delivered to the defendant bank and thereafter remained in its possession without cancellation or termination as to the mortgagee; that the policy was effectively cancelled as to plaintiff and he has no rights thereunder; that defendant bank asserts no rights thereunder and makes no claims to indemnity thereunder. Defendant, South Carolina Insurance Company, is entitled to judgment directing that said policy be delivered to it for cancellation. The judgment should further declare that the amount of plaintiff's fire loss was $20,168.97; that respondent, South Carolina Insurance Company, is liable for 12/30 thereof or the sum of $8,067.58; that appellant, Republic Insurance Company of Texas, is liable for 18/30 of the loss or the sum of $12,101.37. It appearing that prior to the trial of the action the respondent, South Carolina Insurance Company, had paid the amount owing by it to plaintiff it is released from any further obligation to plaintiff; that plaintiff and defendant Cortland Savings Bank, recover of the defendant, Republic Insurance Company of Texas, the sum of $12,101.37 with interest from April 26, 1957 together with costs as taxed below in the sum of $280.25. (Appeal from judgment of Monroe Equity Term dismissing the amended complaint as to defendant So. Carolina Co. and awarding judgment to plaintiff against defendant Republic Co., in an action for a declaratory judgment to determine the rights and liabilities under fire insurance policies.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.