Henry J. Latham, J.
In this action for a declaratory judgment, defendant moves, pursuant to rule 106, to dismiss the complaint on the ground of legal insufficiency, and, pursuant to rule 212 of the Buies of Civil Practice, to decline to entertain jurisdiction in the exercise of discretion.
It is well settled that on a motion to dismiss a complaint before answer the sole issue before the court is whether the complaint reveals a proper case for a declaratory judgment. The merits of the controversy are of no concern. (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 50.)
The complaint in effect seeks a judgment declaring that a certain agreement between the parties is enforcible, whereby plaintiff is entitled to certain commissions of an unknown amount, resulting from profits which defendant will realize from sales brought about through plaintiff’s efforts.
The first cause of action alleges an agreement whereby plaintiff would discontinue his employment and concentrate his efforts in obtaining additional business for defendant on a commission basis; that so long as defendant accepted orders from any of the five accounts, previously obtained by plaintiff, defendant would pay him 3% of the net sales resulting from these accounts; that defendant has paid the plaintiff his agreed compensation for the calendar year 1960, but discharged him after January, 1961, and failed and refused to pay plaintiff his agreed commissions.
The second cause of action, although predicated on the aforementioned agreement, seeks a judgment declaring the reasonable value of plaintiff’s services.
In opposition to the motion plaintiff seeks to sustain the complaint on the ground that unless a judgment is entered declaring his rights and obligations, under the agreement, it will be necessary for him to “bring many actions against the defendant.”
In the opinion of the court, however, the argument offered by plaintiff will not sustain an action for a declaratory judgment, where, as here, an adequate remedy at law is available.
In Colver v. First Colony Corp. (77 N. Y. S. 2d 37), an action comparable to the one at bar, Mr. Justice Botein, now the Presiding Justice of the Appellate Division, First Department, relying on the leading case of James v. Alderton Dock Yards (256 N. Y. 298), dismissed the complaint for a declaratory judgment stating (p. 40): “Plaintiff’s services have already been performed and the case is therefore not one where a declaratory judgment is necessary in order that the plaintiff may be advised as to what course of conduct to pursue. The *59 only effect of permitting the present action to be maintained would be to deprive defendant of the right to a jury trial as to its liability, which it would be entitled to demand if plaintiff sued at law at the proper time. To uphold the present complaint would, as pointed out by Judge Crane [James v. Alderton Dock Yards], supra, be equivalent to a ruling that 1 every contract for the sale of goods or performance of services could be tried in the form of an action for declaratory judgment where the defendant repudiated the agreement or denied its existence. ’ ”
Accordingly, the motion to dismiss the complaint is granted, with leave to plaintiff to serve an amended complaint within 20 days after the service of a copy of the order to be entered hereon.