Charles A. Loreto, J.
The letters of plaintiff’s attorney dated October 3, 11, 24 and 25, 1962 were directed to the court for its consideration and approval of an order to show cause toward reargument. The letter of defendant’s attorney dated October 16,1962 requested that the court grant reargument, and recall so much of its decision as dismissed plaintiff’s complaint for insufficiency and denied plaintiff’s cross motion for summary judgment, and upon reconsideration, grant defendant summary judgment. Following receipt of these letters the court granted the application for an order to show cause for reargument. Reargument is hereby granted.
Plaintiff argues that the only logical interpretation of section 5 of chapter 21 of the Laws of 1962 (Local Emergency Housing Rent Control Act), is that landlords who received rent increases after June 30, 1961, based on use of 1961 equalization rates should be allowed to retain so much of the increase as would have been granted if 1954 equalization rates had been used. It bases its argument on the Legislature’s use of the words in the statute “ solely by reason of the amendments ” and the words “ rather than the equalization rate for the year nineteen hundred fifty-four ”.
The court disagrees with this contention and finds confirmation of its holding herein in the recent decision of the Appellate Division, Second Department in Matter of Solmar Realty Corp. v. Temporary State Housing Comm. (18 A D 2d 705) wherein its opinion states in part: 11 The 1961 amendment (L. 1961, ch. 337) served to abolish full valuation based on the 1954 ratio and to substitute, instead, as the basis for fair-return valuation, the ratio of the most recent year. In accordance therewith, a rent increase was necessarily granted on the current ratio because, as of time of the adjustment, the 1961 amendment had become effective. When the 1962 amendment (L. 1962, ch. 21) went into effect, it served prospectively only to substitute the 1954 ratio for the current ratio. It did not revive retroactively the 1954 ratio. By providing in section 5 of the 1962 amendment for rescission and nullification of increases granted after June 30,1961, ‘ solely ’ by reason of the 1961 amendment (which provided for application of the current rate rather than the 1954 rate), the Legislature did not intend to resurrect the 1954 ratio in such fair-return determinations. The language served only to describe the substitution accomplished by the 1961 amendment. The word ‘ solely ’ relates to determination upon the basis of equalization rate as distinguished from sales. Thus *288 the determination on the basis of the current ratio was nullified, and the matter is now within the cognizance of the city agency.”
Attention is called to the fact that the attorneys for the parties agree that the increase orders effected rent increases for all but 6 (and not 11 as mentioned in the opinion) of the 91 tenants affected and that only 6 tenants filed protests, and further that the increase orders took effect (and not the contrary) and all tenants including the six protesting the increase orders paid rent increases. The opinion will be deemed corrected to so recite the facts as agreed. The findings so corrected are of no importance to the court’s decision.
In its decision the court dismissed the amended complaint and denied plaintiff’s cross motion for summary judgment. The court’s attention has been drawn to the holding in Rockland Light & Power Co. v. City of New York (289 N. Y. 45), where it was held that a court’s discretionary and extraordinary power in an action for a declaratory judgment is properly invoked only where resort to ordinary actions or proceedings would not afford adequate relief, and that a complaint praying for judgment declaring the rights and legal relations of the parties should not be dismissed as insufficient merely because the facts alleged in the complaint show that the plaintiff is not entitled to a declaration of rights as that the plaintiff claims them to be. Here, the defendant admits the facts as pleaded by the plaintiff and impliedly requested the court to determine upon the plaintiff’s complaint the rights of plaintiff.
The court may grant summary judgment to any party entitled to judgment other than the moving party without the necessity of a cross motion for such relief (Rules Civ. Prac., rule 113, subd. 1). The court, therefore, recalls so much of its decision as dismissed the complaint, and grants defendant summary judgment declaring that Rent Commission’s interpretation of section 5 of chapter 21 of the Laws of 1962, is proper and correct and that the provision of the statute, as so interpreted, is constitutional.