■ GRACE E. CONNOLLY, Appellant, v. INCORPORATED VILLAGE OF EAST HILLS, Respondent.— In an action to declare void certain provisions of the zoning ordinance of the defendant Village, plaintiff appeals from (1) an order of the Supreme Court, Nassau County, dated July 23, 1968, which, *inter alia*, granted summary judgment to defendant dismissing the complaint, and (2) a judgment of said court entered August 20, 1968 pursuant to the order. Order and judgment modified, on the law, by (1) striking from the last sentence of the decretal paragraph of the order the words " dismissing the complaint ", (2) striking out the first decretal paragraph of the judgment, and (3) adding to the order and the judgment an additional decretal provision adjudging that defendant is granted a declaration that the provisions of the zoning ordinance of the defendant Village which prohibit the construction of a one-family dwelling on plaintiff's property by virtue of its nonconformity with the area and depth requirements of the ordinance are constitutional and valid as applied to this property. On the record presented, there is no triable issue with respect to the constitutionality of the ordinance in question, because, viewing the evidence most favorably to plaintiff, it does not appear that the ordinance is unconstitutional as applied to plaintiff's property. In an action for declaratory judgment, even though plaintiff does not prevail, the complaint should not be dismissed and the judgment should set forth a declaration of the rights of the parties (*Town Bd. of Town of Poughkeepsie* v. *City of Poughkeepsie,* 22 A D 2d 270, 276; *Lanza* v. *Wagner,* 11 N Y 2d 317, 334; *Prendergast* v. *Gurevich,* 11 N Y 2d 1082, 1084; *Jewish Center of Mt. Vernon* v. *Mt. Eden Cemetery Assn.,* 12 N Y 2d 773, 775; *Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 51; *Connecticut Fire Ins. Co.* v. *Williams,* 9 A D 2d 461, 463; *Civil Serv. Forum* v. *New York City Tr. Auth.,*

4 A D 2d 117, 129). Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.