■ ROARING BROOK LAND CORP., Appellant, v. TOWN OF NEW CASTLE, Respondent.—Judgment of the Supreme Court, Westchester County, dated July 24, 1969, modified, on the law, by striking therefrom the first decretal paragraph (see *Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 51). As so modified, judgment affirmed, with costs to respondent. Munder, Acting P. J., Martuscello, Shapiro, Gulotta and Christ, JJ., concur.

## THIRD DEPARTMENT, 1972

## (July 6, 1972)

■ In the Matter of THOMAS FRANCIS FYVIE, JR., an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— Respondent was admitted to the Bar by this court on February 6, 1958. Petitioner moves to confirm in part and disaffirm in part the report of the Referee to whom the issues were referred. Respondent opposes the motion and requests that the findings favorable to him be confirmed and that those which are unfavorable be disaffirmed. The petition sets forth three charges of professional misconduct. As to Charge I, the Referee found that respondent, who was retained to institute a divorce action, neglected his client's interests, but he refused to find that respondent misled or deceived his client. The Referee refused to sustain the allegations of Charge II that respondent refused to co-operate with and made misrepresentations to petitioner's Committee on Grievances. With respect to Charge III, the Referee found that respondent used trust funds which he had retained for the payment of his client's creditors for unauthorized purposes. However, the Referee refused to sustain charges that respondent had misled and deceived his client and had ignored numerous requests from his client concerning the matter. The record supports the Referee's findings and his report is confirmed. Accordingly, petitioner's motion is granted insofar as it seeks to confirm the report, and denied in all other respects. While respondent is guilty of professional misconduct, it appears that his actions were attributable, at least in part to personal and emotional problems which began in 1968, prior to the misconduct complained of, when respondent experienced a severe personal tragedy. Taking these mitigating circumstances into consideration, as well as respondent's otherwise satisfactory record, we determine that respondent should be suspended for a period of four months and until further order of this court. Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.