John H. Pennock, J.
The plaintiffs, Beneficial Finance Company of New York, Inc., and Protective Loan Corporation, move at this Special Term of Supreme Court, for a declaratory judgment of this court that the wage assignment statutes *10 provided in article 3-A of the Personal Property Law, and article 9 of the Banking Law — which pertinent statutes provide for procedures in respect to notice to the assignor, and affording an opportunity to be heard in opposition to the enforcement of a wage assignment that those statutes are not violative of the Constitution of the United States or the Constitution of the State of New York. (CPLR 3001.)
The defendants, Bond and Baldwin, oppose the motion on the grounds that there is no judicable controversy between these parties; that the action is bound by collateral estoppel and res judicata. They cross-claim to dismiss the complaint on these grounds.
The Attorney-General of the State of New York appears and urges that the statutes are constitutional.
The plaintiffs commenced this declaratory judgment action by summons and complaint dated October 15, 1973. The complaint was amended in June, 1974 and the amended complaint in the pertinent paragraph number 14 alleges: "The constitutionality of Article 3A of the Personal Property Law and Article 9 of the Banking Law of the State , of New York have never before been challenged or decided in any reported decision of any New York State court and the statutes have not been authoritatively construed by the New York State courts in respects relevant to the constitutional challenge made in the aforesaid action instituted in the United States District Court for the Northern District of New York. The plaintiffs herein seek such a construction and a determination by a New York State Court of the constitutionality of Article 3A of the Personal Property Law and Article 9 of the Banking Law as so construed as an aid to the United States Supreme Court in the determination of the issues now before said Court in the pending application for a Writ of Certiorari.”
These same parties were involved in a Civil Rights Federal court action involving the issue of the constitutionality. The defendants, Bond and Baldwin, in that action sought a judgment declaring the New York Wage Assignment statute to be unconstitutional as violative of the Fourteenth Amendment in respect to due process clause. The United States District Court for the Northern District of New York declared the statute unconstitutional. (Bond v Dentzer, 362 F Supp 1373.) The loan companies, the defendants in the Federal court action, appealed and the United States Court of Appeals, Second Circuit, reversed and held that the lenders’ action in filing the *11 assignments with the borrowers’ employers was private action, and not "State action”, to which the due process clause would be inapplicable, since the State was not a partner of the lenders, despite entwinement, licensing and judicial enforcement arguments to the contrary, since the intent of the wage assignment statute is not to encourage wage assignments, and since the statute does not vest lenders with a function traditionally performed by the State. (Bond v Dentzer, 494 F2d 302.) Bond and Baldwin, the petitioners, applied to the Supreme Court of the United States for a writ of certiorari which was denied.
It now appears that the plaintiffs, finance companies, are on the horn of a dilemma as the Federal court in effect abandoned the issue when it found that there was no State issue, thus the question still before the courts is whether the enforcement of wage assignments by a lender in accordance with New York’s wage assignment statutes deprives the assignors of property without due process of law, thus violative of the Federal and State Constitutions. (US Const, 14 Arndt; NY Const, art 1, § 6.)
The court first addresses itself to the defenses and cross motion of the defendants to dismiss. The able counsel in his affidavit avers that the Second Circuit Court of Appeals did reach the question of due process and did decide the case on the merits. A reading of the appeals court opinion indicates otherwise. That court did not consider the question of due process. I do not feel that this State court is constrained to refuse jurisdiction, particularly when the Legislature in 1974 enacted certain safeguards to assure due process. (L 1974, chs 753, 767, 981.) Further, there still exists a judicable controversy based upon the stipulation between the parties to stay the execution of the wage assignment pending the completion of the litigation. I see no merit to the defense of res judicata based upon the fact that the issue of due process was not determined and there are no elements set forth by the defendants that constitute collateral estoppel. These are defenses which must be explicitly grounded upon litigated issues. The primary issues of law before Special Term are subject to this motion and the declaratory judgment action pending. This court assumes jurisdiction of this motion and denies the cross motion to dismiss. A further reason to strike the defenses is the gravamen of the complaint here raises the question of due process, not only in respect to Federal, but also the compata *12 bility of the assignment statutes with the New York State Constitution. "The courts of each State are, of course, free to adopt their own construction of the State Constitution, even though the language under consideration may be identical with that of the Federal Constitution.” (Matter of McCann v Walsh Constr. Co., 282 App Div 444, 449.) The complaint (amended) alleges a controversy between the parties and the Federal action although completed has created the questions of the constitutionality of the assignment statutes, both substantive rights and procedural rights. The Court of Appeals of this State has long ago set the pattern of liberality in respect to our State courts’ declaration of the rights and legal relations of parties. (Rockland Light & Power Co. v City of New York, 289 NY 45, 51.)
If this court declines to render a declaratory judgment it is mandated to state its grounds. Compliance with this mandate is not possible as I find no grounds to refuse jurisdiction. Thus the court addresses itself to the issue of law as raised by the motion as no question of fact exists. (CPLR 3001.)
The Legislature has recently addressed itself to safeguards of due process for the borrower. (L 1974, ch 753, §2, amdg Personal Property Law, § 47-e, subd 5.) By this amendment the courts of this State shall have jurisdiction to consider any defenses to the assignment. This affords the borrower a full plenary hearing before the wage assignment is activated. This, coupled with all of the other sections of article 3-A of the Personal Property Law, assignment of wages, insures the debtor of due process.
This court finds that there is State governmental involvement in the wage assignment field. It is regulatory to a great extent, but also carries penal provisions in the event of some violations. (Art 3-A, § 46, limit on interest and other charges.) That section places a part of this statute in the enforcement of governmental realm. It provides, inter alia, that every person who shall violate any provision of that section shall be guilty of a misdemeanor. Certainly this is State involvement in respect to our State Constitution, and the Legislature has historically involved the State in the regulation of wage assignments. Reason as well as authority justifies a conclusion that these small loan regulatory measures must be a matter of State concern, and I so find. The seriousness of this situation is apparent from the facts upon which this case comes before the court. The low wage earner must have access to *13 small loans and the finance companies must have certain safeguards to protect their moneys. The Legislature of this State has so determined.
A decision of the Supreme Court of the United States is binding upon the courts of this State so far as it determines a Federal question. (Duncomb v New York, Housatonic & Northern RR Co., 84 NY 190.) Obviously, State courts must follow Federal decisions relating to due process, particularly in respect to decisions of Federal appellate courts. The Bond decision of the Federal appellate court duly passed upon the question of due process in respect to the wage assignment statutes in a negative manner. It refused to review the due process question on the ground that the State of New York is not actively involved in the wage assignment private agreement between the lender and the borrower. As I see it, that ends this court’s inquiry in respect to any Federal question. It is not res judicata but rather a jurisdictional matter and this court cannot review the opinion of the Federal courts. Therefore, from a reading of the Bond decision we must conclude that there is no Federal question involved because that court unequivocally found no State action.
The next step is the question of whether the wage assignments statutes violate the New York State Constitution. This court has jurisdiction over the subject matter and the parties. The Legislature of this State has involved itself with the wage assignment agreement between citizens. It has continually enacted statutes to protect that large segment of the population, which has, by necessity, resorted to finance companies for small loans. These borrowers, in most instances, do not have any financial assets except their future earnings. It is a necessary part of the citizens’ life to pledge his future earnings because he has no other asset to pledge as security. Article 3-A is the end result of the New York State Legislature’s long and arduous work on the problem of protection of the low income wage earner. It is a product of the New York State Law Revision Commission Study and Recommendations. (NY Legis Doc. (1950) No. 65[A].)
In conclusion, this Court finds that the statutes in question, both the Personal Property Law and the Banking Law, do not violate the New York State Constitution. "The applicable rules of law are well known. Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual *14 support for its provisions” (Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 540-541). If any state of facts known or to be assumed, justify the law, the court’s power of inquiry ends. (United States v Carolene Prods. Co., 304 US 144, 154.) Questions as to wisdom, need or appropriateness are for the Legislature. (Olsen v Nebraska, 313 US 236, 246.) Courts strike down statutes only as a last resort. (Matter of Ahern v South Buffalo Ry. Co., 303 NY 545, 555, affd 344 US 367.) And only when unconstitutionality is shown beyond a reasonable doubt. (Lindsley v Natural Carbonic Gas Co., 220 US 61, 79; Matter of Fay, 291 NY 198, 206-207.) (Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 540-541 in reference to constitutionality of statutes.)
Therefore, the plaintiffs are granted summary judgment for a declaratory judgment that:
1. Article 3-A of the Personal Property Law and article 9 of the Banking Law ensure that the assignor (borrower) shall have adequate notice and an opportunity to be heard before a wage assignment pursuant to such statute can be enforced, and
2. That such statutes do not violate any provision of the Constitution of the State of New York.
The court further grants judgment that the statutes comply with the Constitution of the United States as limited to the findings of the court in this declaratory judgment action. It makes no findings based upon the Federal court opinions which are a part of the record before this court. This partial judgment is based upon the fact that due process amendments were enacted by the New York Legislature while the Federal cases were in progress, and upon the criminal sanctions contained within the statute.