OPINION OF THE COURT
Robert E. Fischer, J.
In this special proceeding seeking cancellation of a wage assignment (Personal Property Law § 47-e), petitioner raises numerous issues as to respondent’s alleged noncompliance with the various statutory requirements set forth in Personal Property Law article 3-A (Personal Property Law § 46 et seq.J. In view of our determination herein, we find need to address only one of those issues — the notice mandated by Personal Property Law § 48 (1).
*141 On March 14, 1985, petitioner was "coborrower” with her husband, David, of certain moneys from respondent. Each spouse executed a separate wage assignment, as well as the spousal assent to the wage assignment of the other required by Banking Law § 356 (1). Several months later the borrowers defaulted on their loan. On July 30, 1985, respondent mailed to "David C. and Theresa Sistenstein, RD#2, Box 239, Berkshire, NY 13736” a "Notice of Intention to file Assignment of Wages, Salary, etc. with Employer”. Receipt of the certified mail, addressed as above, was acknowledged only by "David Sistenstein.”
Not having heard from the borrowers, on August 20, 1985, respondent served the wage assignment executed by petitioner on Chenango Industries, which advised by letter of August 27, 1985, that petitioner was no longer employed by that company. Having learned that petitioner was reemployed by Chenango Industries, respondent again served that employer with petitioner’s wage assignment on September 17, 1987. It appears that Chenango Industries received the assignment on September 21, 1987, the same date the assignment was acknowledged to have been filed with the Tioga County Clerk (cf., Personal Property Law § 47). Chenango Industries thereupon honored the wage assignment[1] and this special proceeding ensued.
Among other issues raised by petitioner is her assertion that she failed to receive any notice from respondent "by Certified Mail or otherwise, that they intended to file a wage assignment with her employer.” In response, respondent relies upon the aforesaid notice, which was directed, addressed and mailed to "David C. and Theresa Sistenstein” — but acknowledged as having been received only by David Sistenstein — as notice in compliance with the statutory mandate, contending that constructive notice to petitioner comports with due process requirements.
The issue presented, therefore, is whether the "Notice of Intention to file Assignment of Wages * * * with Employer” which was addressed and mailed to David C. and Theresa Sisteninste complies with the notice requirements of Personal Property Law § 48 (1) for the separate wage assignment executed by Theresa Sistenstein, when that notice was receipted *142 for by David Sistenstein and no separate notice was served upon the petitioner by certified mail or otherwise.
Statutes addressing wage assignments originated in Laws of 1904 (ch 77) and were subject to numerous amendments and additions over the succeeding decades. This ad hoc approach created a "patchwork of inconsistencies” and failed to "provide a coherent plan of regulation” or to "achieve the desired objectives of wage-assignment laws”, as described in the following terms: "The law which controls the sale or pledge of a workman’s capacity to earn a living should be easy to find and easy to understand. It should provide safeguards for the wage earner, so that over-reaching him is made difficult. At the same time the law should not be so stringent that no one will lend money or extend credit on the security of an assignment of wages, for often a needy man has no other security to offer. The legitimate lender or other creditor should be able to accept such an assignment with some confidence that his claim will gain fair recognition. This assurance will be reflected in easier credit for the wage-earner.” (1950 Report of NY Law Rev Commn, at 43; emphasis supplied.)
As a result of the 1950 Law Revision Commission Report, various amendments were recommended and adopted to "simplify and clarify” provisions of Personal Property Law article 3-A and "to reconcile inconsistencies therein” (id., at 42). With specific regard to the mailing issue here under consideration, Personal Property Law § 48 (1) — after being renumbered and amended by Laws of 1950 (ch 823, § 10) — precluded the filing of a wage assignment "with the assignor’s employer until ten days shall have elapsed after a written notice shall have been mailed to the assignor, addressed to his last known place of residence”.
This provision and others in article 3-A were subjected to Federal due process scrutiny with regard to State action relative to Fourteenth Amendment protection in the Bond v Dentzer trilogy (325 F Supp 1343 [1971], 362 F Supp 1373 [1973], 494 F2d 302 [1974]) with the Second Circuit ultimately rejecting the existence of State involvement in the challenged conduct[2] (supra, 494 F2d, at 312) and reversing the lower court’s (362 F Supp 1373 [Foley, J.], supra) determination *143 "that sections 46-49 of Article 3-A of the Personal Property Law were unconstitutional on their face and as applied insofar as they provided for execution against wages by service of a wage assignment upon an employer without meaningful notice to the assignor [3] and without an opportunity for him to be heard” (supra, 494 F2d, at 305; emphasis supplied). In setting aside that constitutional challenge (without, however, determining the constitutional efficacy of all of the art 3-A provisions) the Second Circuit noted "that the Attorney General of the State of New York and the New York State Legislature are perfectly competent to recommend and to effectuate statutory changes to succor the credit consumer. The continuing amendments to Article 3-A indicate a liberal and sympathetic attitude” (supra, 494 F2d, at 310-311 [Mar. 13, 1974]).
The State Legislature responded by enacting various changes to wage assignment procedures (L 1974, ch 753, approved by Governor June 7, 1974, eff Sept. 1, 1974). The rights of the assignor were specifically addressed in Personal Property Law §§ 46-e and 48 and, in particular, the mailing provisions here in issue were amended in the following manner: "§ 48. Notice to be mailed to assignor prior to filing with employer 1. No assignment of future earnings shall be filed with the assignor’s employer until twenty days shall have elapsed after a written notice shall have been mailed to the assignor by certified mail, return receipt requested, addressed to his last known place of residence stating that unless the amounts in default are paid within twenty days from the date of the mailing, the assignment will be filed with the assignor’s employer. If the aforesaid notice is returned undelivered it may be mailed to the assignor by certified mail, return receipt requested, addressed to the assignor at the address where he is employed or, in the alternative, it may be served in the same manner as a summons.” (L 1974, ch 753, §3; emphasis supplied.)
The memorandum in support of the bill — prepared by counsel[4] for the New York State Consumer Finance Association— left no doubt as to legislative intent:
*144 "Personal Property Law: §§46e, 47e, 48, 49; Civil Practice Law and Rules: §5252. This measure would amend the Personal Property Law in relation to wage assignments in several significant respects. First, it would clarify the present notice requirements which must be met prior to the filing of a wage assignment with an employer. By amendment of §48, the assignee, twenty days prior to filing with the employer, must, by certified mail, advise the assignor of its intention to file the assignment with the employer. This notice must contain language advising the assignor of his right to a hearing on the validity of the assignment and of any defense on the underlying debt. If the assignor, pursuant to this notice, serves notice on the assignee of his intention to assert a defense, the assignee cannot file the assignment until he obtains a court order. The order can only be obtained on eight days notice. Thus, the burden of initiating a court proceeding is shifted to the assignee. Section 47-e, furthermore, is amended to make it clear that if a hearing is held on the validity of the assignment or underlying debt, the burden of proving the assignment and debt is on the assignee.
"This measure significantly improves the rights of an individual who has executed a wage assignment. It adds to the existing law notice provisions which virtually guarantee that no wage assignment can be filed if the assignor does not know of the intended filing. Further, the requisite notice includes a clear statement of the assignor’s rights. Additionálly, it places upon the assignee the burden of obtaining a court order permitting the filing of the assignment rather than requiring the assignor to obtain an order precluding the assignment. Finally, it makes it clear that, in a hearing involving a challenged filing, the burden of proof, both as to the validity of the assignment and the underlying debt, is upon the assignee. ” (1974 NY Legis Ann, at 29; emphasis supplied.)
With these legislative changes in place, the Federal court defendants (Beneficial Finance Company and Protective Loan Corporation) commenced an action in State court against the Federal court plaintiffs (Dorcas Bond and Barbara Baldwin) seeking a declaratory judgment of the constitutionality of Personal Property Law article 3-A and Banking Law article 9. Upon granting the relief sought (Beneficial Fin. Co. v Bond, 83 Misc 2d 9 [Aug. 14, 1975]), the court declared, inter alia, that "Article 3-A of the Personal Property Law and article 9 of the *145 Banking Law ensure that the assignor (borrower) shall have adequate notice and an opportunity to be heard before a wage assignment pursuant to such statute can be enforced” (supra, 83 Misc 2d, at 14).
From the foregoing we conclude that when a husband and wife are coborrowers, and each executes separate wage assignments, the notice required by Personal Property Law § 48 (1) is ineffective as against the contesting assignor unless sent separately and individually to that assignor by certified mail.[5] Otherwise, the "adequate notice and * * * opportunity to be heard” envisaged by the State Beneficial Fin. determination would be lacking, and the Legislature’s intent to "virtually guarantee that no wage assignment can be filed if the assignor does not know of the intended filing” (1974 NY Legis Ann, at p 29) would be thwarted. Here petitioner’s denial of any notice of the mailed statement is met only by an acknowledgment of receipt by petitioner’s spouse at what purports to be a dual address.
Personal Property Law § 48 (1) contains additional notice requirements where the original mailing "is returned undelivered”. Viewing that phrase in the light of the memorandum underlying the legislative amendments, we conclude that the statute intended that a notice acknowledged as to its receipt only by a spouse is in fact "undelivered”, thereby requiring that the alternate notice means provided in the statute be utilized by the assignee to assure that the assignor is advised of the pending wage assignment. The statute also imposes upon the respondent as assignee the burden of proving the validity of the assignment on this application to vacate (Personal Property Law § 48 [1]; § 47-e [5]) including "any and all defenses to the assignment” (Personal Property Law § 47-6 [5]), of which proper notice is necessarily a part (Personal Property Law § 48 [1], [4]).
By reason of the foregoing, we conclude that petitioner was not sent, nor did she receive, the notice required by Personal Property Law § 48 (1), as a result of which the assignment filed both with the Tioga County Clerk and the employer is a nullity. Petitioner is entitled both to its cancellation as of *146 record and with the employer and return from respondent of the wages paid thereunder, with interest from the date of each wage payment (CPLR 5001 [b]) at the statutory rate of 9% (CPLR 5004), together with statutory costs and disbursements.

. The papers before us reflect the respondent has been receiving moneys as well from the husband’s employer, pursuant to his separately executed wage assignment.

. I.e., no participation by any State officer or agent in the wage assignment process- — a predicate for application of Fourteenth Amendment rights (Bond v Dentzer, 494 F2d 302, 305).

. Plaintiff Bond claimed "that she received no prior notice of the creditor’s intent to enforce the assignment” (Bond v Dentzer, 494 F2d 302, 304).

. Counsel was the firm of DeGraff, Foy, Conway & Holt-Harris of Albany. Appearing in its role of litigator, the same firm represented the Beneficial Finance Co. of New York, Inc. in Bond v Dentzer (325 F Supp 2d 1343, 362 F Supp 1373, 494 F2d 302), and in Beneficial Fin. Co. v Bond (83 Misc 2d 9).

. Joint addresses may be sufficient if a spouse has merely acceded to the assignment without executing one separately (Banking Law § 356). We do not, however, determine such to be so since it is not before us.